RIDDLE v. BACKUS.

1. **Evidence:** STATUTE OF LIMITATIONS. When the statute of limitations is interposed against a claim for work and labor under a contract which, if proved, takes the claim out of the statute, evidence to prove the contract and the value of the services is competent.

2. ——: CONTRACT PROVED BY PAROL: STATUTE OF FRAUDS. A contract for work and labor to be performed and to be paid for after the death of the employer may be proved by parol; and such a contract is not within the statute of frauds since the death *might* occur within a year.

3. **Statute of limitations:** CONTRACT. Under a contract for work and labor to be paid for after the death of the employer, the statute of limitations will not commence to run until after the occurrence of that event.

*Appeal from Des Moines Circuit Court.*

THURSDAY, MARCH 19.

ACTION upon a promissory note, dated at Darien, (N. Y.) Nov. 20, 1865, for ten hundred and forty-seven dollars, payable to Hannah Backus or bearer, five years after date, with use. The action was commenced October 11, 1871. The answer admits the execution of the note, denies the capacity of plaintiff to sue, and sets up a counter claim for work and labor for seventeen years, from 1830 to 1847 inclusive, in managing a farm, at $150 per year,.......................$2,550.00

1852, to removing plaintiff's intestate to a different
farm,........................................ 5 00
1855, to settling claims with railroad,............. 10.00
1858, to moving her again,....................... 5.00 .
1865, money paid for her,....................... 6.50

Amounting in all to the sum of.............$2,576.50
and defendant asks judgment for balance. There was a reply in denial, and a plea of the statute of limitations. A jury trial resulted in a verdict and judgment for defendant for $1,309.13. The plaintiff appeals.

*Samuel K. Tracy* and *M. D. Browning*, for appellant.

*Halls & Baldwin*, for appellee.

COLE, J. The defendant claims that he was a nephew of the payee of the note and that he rendered her the services
1. EVIDENCE: sued for in his counter claim under the agreement
statute of limitations. that he was to be paid therefor at her death, she being at the time of the agreement a widow aged about fifty years, and the defendant being then about twenty-one. The testimony is not all before us, in the abstracts upon which the case is submitted, and hence we cannot determine that the verdict is not supported by the evidence.

The testimony was competent and could not be excluded on

the ground that the counter-claim was barred by the statute of
2.———: con- limitations, because the very question of fact to be
tract proved
by parol:   tried was, whether it was so barred. If, by the
statute of
frauds:     terms of the agreement, the services were not to be
paid for until her death, the statute would not commence to
run till that event transpired. Nor would such a contract be
within the statute of frauds, on the ground that it was in
parol and was not to be performed within a year, because the
death *might* occur within a year from the time of making the
agreement.

The instructions to the jury were entirely fair and correct.
They need not be set out in full. The court told the jury, in
3. STATUTE of substance, that the giving of the note was pre-
limitations:
contract.   sumptive evidence of a settlement of the accounts
between the parties, and the defendant must overcome it by
evidence that his counter claim was not settled; that if the
services were rendered under a parol agreement, and were not
to be paid for till the death of Hannah Backus, then the stat-
ute would not begin to run till her death; but if no such
agreement was proved as to the time of payment, and the ser-
vices were rendered more than five years before the com-
mencement of the action, the statute would bar the counter-
claim therefor.

We do not discover any error of law in the proceedings, and
must therefore order the judgment

AFFIRMED.