AMANDA EVERITT v. C. C. WALKER et al.

*Cause of Action—Parent and Child—Contract—Pleading.*

The complaint alleged that plaintiff had, at the dying request of her sister, taken charge of and supported, by her own unaided labors, an infant child of the sister ; that the father of the child at that time was, and since has remained, insane, and has been continuously an inmate of the State Asylum ; that he was possessed of an estate about the value of $6,000, now under the control of his guardian, and prayed judgment for compensation for the support of the infant : *Held*, upon demurrer, that the complaint did not state facts sufficient to constitute a cause of action, for that it did not allege any contract, express or implied, with the father, and that it appeared the support of the infant was voluntarily assumed by plaintiff.

This was a CIVIL ACTION, tried at Fall Term, 1891, of NEW HANOVER Superior Court, before *Boykin, J.*

The following is a copy of the pleadings : ˙

1. That Mary C. Walker is the child of C. C. Walker and Mary C. Walker, his wife, and that said child was born July 29th, 1879.

2. That C. C. Walker, the father, became insane in the summer of 1880, since which time he has been continuously insane, and an inmate of the Insane Asylum at Raleigh, and that Mary C. Walker, the mother, died in October, 1880.

3. That the plaintiff is the sister of the child's mother, and that the mother, on her death-bed, requested the plaintiff to care for and support said child ; that the plaintiff told her she would, and that she has supported her of her own labor since the mother's death in 1880, the child being of too tender years to assist in her own support.

4. That the plaintiff tried to obtain aid from others of the child's relatives, but failed in her efforts, and that the child must have died or become a charge upon the county, had not the plaintiff supported her.

5. That the plaintiff is dependent upon her own labor for her support.

109 — 9

6. That $100 per year for the first six years, and $200 per year for the remainder of the time is a fair compensation for the expense of said child's maintenance, which, up to the institution of this action, will thus amount to $1,266, and for this amount the plaintiff claims that the defendant is justly indebted to her.

7. That the Wilmington Savings and Trust Company has been appointed by the Clerk of the Superior Court of New Hanover County, guardian of C. C. Walker, that said company has qualified, and is now acting as such guardian.

8. That the said company has in its hands the sum of $1,900, more or less, personal property of C. C. Walker, and that there is a large undivided portion of the estate of John Walker, deceased, of which estate C. C. Walker is an heir and devisee, and that his portion of said undivided estate will be $4,000, more or less.

Wherefore, the plaintiff prays the judgment of the Court for the sum of $1,266, the costs of this action, and for such other and further relief as the Court shall think her entitled to.

The defendants demur to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action in this—

1. That it appears on the face of the complaint that there was no contract, either expressed or implied, upon the part of the defendants, or either of them, that the plaintiff should take upon herself the support of said child, or that they, or either of them, would pay for the support of said child.

2. That it appears upon the face of the complaint that the plaintiff took upon herself the care and support of the said child out of pure benevolence, and solely at the request of its mother, and in fulfillment of a promise made to her by the plaintiff.

The Court overruled the demurrer, with leave to the defendants to answer, and they, having excepted, appealed to this Court.

*Mr. P. B. Manning,* for plaintiff.
*Messrs. E. S. Martin* and *Junius Davis,* for defendants.

MERRIMON, C. J.: We think the Court should have sustained the demurrer, upon the general ground that the complaint fails to state facts sufficient to constitute a cause of action. It is not alleged that the defendant Walker employed the plaintiff to do the service for his child for which she claims compensation, or that he promised expressly, or by implication, to pay her for the same; nor are facts alleged upon which the law implies his liability and obligation to pay therefor. It is not alleged that the father abandoned or neglected his child; that he would not, or could not, protect and provide for and support her; or that he knew of, recognized, approved of and accepted the services of the plaintiff; that he was so in default, or promised to pay for the plantiff's services, is left to mere inference and remote implication. If it be granted that a father is legally bound to provide for, protect and support his child, it must be alleged, in a case like this, that he failed to do so, or that he promised expressly, or by clear implication, to pay for the services for which compensation is demanded. The facts stated in the fourth paragraph of the complaint are too indefinite, indirect and inconclusive to constitute or be treated as a substitute for a material part of the allegation of a cause of action. Moreover, it appears from the complaint, that at the time the services were rendered, the father was insane and an inmate of the insane asylum, and, at least, *prima facie* incapable of promising to pay the plaintiff for her services.

Besides, it appears from the complaint, that the plaintiff cared for and supported the child of her sister at the latter's request, made shortly before she died, as a work of benevolence and charity, for which she made no charge and expected no pecuniary compensation. She promised her sister not simply to *care for,* but to *care for and support* her child; she

said nothing of compensation at the time she made the promise, or at any time afterwards, until she brought this action, so far as appears. She does not allege or intimate that she charged the father for her services, or that she expected compensation from him. It seems that, at first, the father was poor and insane; that afterwards, in some way, he came to have property, and the plaintiff then, and not until then, determined to ask for the compensation she seeks to recover by this action. This she cannot do. She could not support the child from motives of charity and love for her departed sister without any intention of charging the father for the same, and afterwards, when he came to be the owner of property, compel him to pay her for her good work of love and charity. She had, in such case, no valid claim at law or in equity. *University* v. *McNair,* 2 Ired. Eq., 605; *Hedrick* v. *Wagoner,* 8 Jones, 360; *Miller* v. *Lash,* 85 N. C., 54; *Young* v. *Herman,* 97 N. C., 280.

There is error. The order overruling the demurrer must be reversed, and the case disposed of according to law. To that end let this opinion be certified to the Superior Court. It is so ordered.

Error.

AVERY, J., dissented.