GEORGE F. UZZLE & CO. v. A. B. VINSON.

*Judgment, Confession—Irregularity—Fraud—Parties.*

1. A judgment may be set aside for *irregularity* only upon the application of a party thereto ; if it is sought to set it aside for *fraud*, an independent action should be instituted by the party desiring such relief.

2. A confession of judgment containing a duly verified statement of defendant that the amount for which the judgment was authorized to be rendered was "$2,250, with interest at six per cent. from November 2, 1876, is justly due by him to the plaintiff," and "that said amount is due from him to the plaintiff on a bond under seal for borrowed money due and payable November 2, 1876," is a compliance with the statute (*The Code,* § 571), prescribing the manner for confessing judgments.   (*Davidson* v. *Alexander*, 84 N. C., 621, and *Davenport* v. *Morris*, 95 N. C., 203 distinguished).

This was a MOTION, tried before *Bryan, J.,* at the August Term of JOHNSTON Superior Court.

It appeared upon the hearing of the motion, that on the 31st day of October, 1891, A. B. Vinson had confessed judgment in favor of his sister Esther Vinson for the sum of $2,250, with interest from November 2, 1876, and that judgment was duly docketed in the office of the Clerk of the Court of Johnston County on the same day, to-wit, October 21, 1891.

The following is a copy of the judgment-roll which was introduced as evidence :

"IN THE SUPERIOR COURT—JOHNSTON COUNTY.

ESTHER VINSON }
          *v.*          } JUDGMENT BY CONFESSION. .
A. B. VINSON. }

I, A. B. Vinson, hereby confess judgment in favor of the above-named plaintiff for the sum of twenty-two hundred

UZZLE *v.* VINSON.

and fifty ($2,250) dollars, and authorize the entry of judgment therefor against me, with interest at six per cent. from November 2, 1876. This confession is for the amount due on a bond under seal executed by the defendant to plaintiff, dated November 1, 1876, and the defendant A. B. Vinson maketh oath—

1. That said amount of $2,250, with interest at six per cent. from November 2, 1876, is justly due by him to the plaintiff.

2. That said amount is due by him to the plaintiff on a bond under seal for borrowed money due and payable November 2, 1876.

(Signed)        A. B. VINSON."

NORTH CAROLINA—JOHNSTON COUNTY.

A. B. Vinson being sworn, says that the facts set forth in the foregoing confession are true.

- (Signed)        A. B. VINSON.

Sworn to and subscribed before me, October 31, 1891.

W. S. STEVENS, *C. S. C.*

On the back of the judgment-roll was endorsed:

"Upon the foregoing confession and affidavit of the defendant, it is adjudged by the Court that the plaintiff recover of the defendant the sum of $2,250, with interest at six per cent. from November 2, 1876. This October 31, 1891, at 4:30 o'clock P. M.        W. S. STEVENS, *C. S. C.*"

Firmly stuck to the judgment-roll with mucilage was a paper-writing in the following words and figures:

"$2,250.

"One day after date, I promise to pay to Esther Vinson the sum of twenty-two hundred and fifty dollars for value received. This November 1, 1876.

(Signed)        A. B. VINSON. [SEAL.]"

Witness: D. T. VINSON.

The plaintiffs obtained judgment against the defendant A. B. Vinson for the sum of $112, with interest from October 15, 1885, at 8 per cent. This judgment was docketed November 2, 1891, at 12 o'clock M. The plaintiffs J. M. Wilson and G. F. Uzzle also obtained other judgments against the same defendant (A. B. Vinson), which were docketed subsequently.

The plaintiffs J. M. Wilson and G. F. Uzzle moved to set aside the confessed judgment, and have the same declared void—

1. Because it did not conform to the requirements of the statute.

2. Because sufficient facts were not, by the affidavit and confession, disclosed to enable the Court to acquire jurisdiction.

3 Because the judgment was void upon the face of the facts set forth.

Motion dismissed. Plaintiffs excepted and appealed.

*Mr. E. W. Pou,* for plaintiff.
*Mr. F. H. Busbee,* for defendant.

MacRae, J.: We are of the opinion that his Honor properly dismissed the motion made by Uzzle and Wilson to set aside the judgment confessed by A. B. Vinson in favor of Esther Vinson. If the ground upon which it is sought to set it aside were irregularity only, none could be heard to impeach it upon such ground but a party thereto. Out of the many decisions to this effect, we select *Dobson* v. *Simonton,* 86 N. C., 492, and the cases there cited.

If it were sought to vacate this judgment upon the ground of fraud, it could not be attacked by motion in the cause, but only by an independent action. *Sharp* v. *Railroad,* 106 N. C., 308. The ground upon which this motion is made, however, is that the confession of judgment is void, because of a failure to comply with the requirements of the statute,

section 571 of *The Code*, which provides for the manner in which judgments may be confessed without action.

The three grounds upon which the motion to vacate is made are all comprehended in the first, because it did not conform to the requirements of the statute. Section 571 of *The Code* reads: "A statement in writing must be made, signed by the defendant, and verified by his oath, to the following effect: (1) It must state the amount for which judgment may be entered, and authorize the entry of judgment therefor. (2) If it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due." The third subdivision of this section does not concern our present inquiry.

The confession states the amount, $2,250, and authorizes the entry of judgment therefore, with interest at six per cent., from November 2, 1876. This is in strict compliance with the first requisite of the statute.

It further states that it is for the amount due on a bond under seal, executed by defendant to plaintiff, dated November 1, 1876; that it is justly due, and that it is for borrowed money. This seems to us to be, but for a little tautology, as concise a statement of the indebtedness, with the facts out of which it arose, as could be made. It sets forth the debt and the consideration, so that any other creditor may scrutinize the transaction and inquire into its honesty and good faith.

In *Davenport v. Alexander*, 84 N. C., 621, where this statute was lucidly considered and construed, the confession was for a certain sum, "said to be a debt now justly due said plaintiff by said defendant, arising from the acceptance of a draft, of which the following is a copy," &c. The draft was drawn upon and accepted by J. A. Smith. The confession of judgment was made upon this draft by J. A. Smith, President of the Empire Mining Company, and it was sought to bind the property of this company by the judgment so confessed.

The demands of the statute were in that case, said to be, what was the real consideration of that draft, the time and manner of its creation. The information upon those points was meagre and insufficient. In the case of *Davenport* v. *Morris*, 95 N. C., 203, the attempted confession was upon a note, the consideration of which was not stated, and upon an open account appended to the affidavit, but not made a part of the same.

Without in any way relaxing the strictness of the rule adopted for the construction of these confessions of judgment, for the reasons given in the above-cited opinions we hold that the confession in the case before us is a full compliance with the terms of the statute. The bond, which is presumed to have been in possession of the obligee, is fully described in the affidavit, and a bond of the precise description of that in the confession is affixed thereto to make up the judgment roll.

No error.                                    Affirmed.