J. O. MATTHEWS, ADMINISTRATOR, *v.* HANNAH C. PETERSON.

(Filed 17 February, 1909.)

1. Executors and Administrators—Limitation of Actions—Revisal, Sec. 367, When Operative.

    An. action which was not barred in the debtor's lifetime can be maintained against his personal representative to recover a debt, when the cause of action survives him, after the statute has run, if brought within one year after the issuance of the letters of administration; and when the letters of administration have been issued before the operative effect of Revisal, sec. 367, the provision that such should have been issued within ten years from the death of. the intestate is inapplicable.

2. Executors and Administrators—Limitations of Actions, by Whom Pleaded—Heirs at Law—Lands.

    The heirs at law can successfully plead the statute of limitations (Revisal, sec. 367) against the administrator seeking to subject their lands to the payment of deceased's debts as fully as he can against a creditor.

MATTHEWS *v.* PETERSON.

**3. Executors and Administrators—Judgment Liens—Statute of Limitations.**

There is no statutory provision which prevents the expiration of a judgment lien in case of death and administration similar to that of Revisal, sec. 367.

**4. Same—Deeds and Conveyances—Intestate's Deed—Fraud—Procedure.**

When intestate has made a *bona fide* conveyance of land, subject to lien by judgment, his administrator cannot sell it to make assets to pay the judgment after the expiration of the judgment lien. Questions of fraud in intestate's deed left undetermined in this case can be passed upon on a new trial awarded. Revisal, sec. 87 (5), applies to funds in the administrator's hands.

ACTION tried before *W. R. Allen, J.,* and a jury, at December (Special) Term, 1907, of SAMPSON.

Plaintiff appealed.

*George E. Butler* and *J. D. Kerr* for plaintiff.
*Stevens, Beasley & Weeks* and *F. R. Cooper* for defendant.

CLARK, C. J. Petition by the administrator to sell land to make assets to pay debts. By consent, the judge found the facts as follows, reserving the question of fraud in the conveyance of his realty by the intestate, alleged in the petition, for future adjudication:

The plaintiff's intestate died 10 July, 1894. Letters of administration were issued to the plaintiff 27 March, 1905. This proceeding was begun 23 March, 1906, to sell land to make assets to pay four judgments taken before a justice of the peace 13 November, 1888, and docketed in the Superior Court the same day. These judgments were presented to the administrator a few weeks after his qualification and were admitted by him to be valid against the estate. No personalty came into the hands of the administrator.

Upon the above findings of fact the court sustained the defendant's plea of the statute of limitations.

The general rule is unquestionably that when the "statute of limitations once begins to run nothing stops it." But the statute (Revisal, sec. 367) has made an exception where a party

dies. It provides that if the debt is not barred at the time of the debtor's death, action can be brought against his personal representative (if the cause of action survive), though the period of limitation has then elapsed, if within one year after issuing of letters of administration. *Winslow v. Benton,* 130 N. C., 58. This is not an action by a creditor, but the heirs at law can plead the statute as against the administrator seeking to subject realty as fully as he could have pleaded it against the creditor. *Smith v. Brown,* 99 N. C., 377. The administrator, by virtue of the above section (367), could not avail himself of the statute as against the debt evidenced by the judgment. But there is no similar provision preventing the expiration of the lien of the judgment. That lien expired at the end of ten years. Revisal, secs. 574, 1479. The plaintiff, therefore, can have no land sold for assets which was *bona fide* conveyed by his intestate. The question of fraud in the conveyance was left undetermined, and can be determined when the case goes back. Revisal, sec. 87 (5), applies only where funds are in the hands of the personal representative.

Revisal, sec. 367, that an action can be brought, notwithstanding the expiration of the period of limitation (when the debt was not barred at death of debtor and the cause of action survives), if brought within one year after issuance of letters to the personal representative of the debtor, contains this new provision: *"Provided* such letters are issued within ten years after the death of such person." This is a wise restriction to prevent the inconvenience and often the injustice of collecting stale claims, but it was first enacted in the Revisal, and therefore did not go into effect until 1 August, 1905 (Revisal, sec. 5463). The plaintiff qualified 27 March, 1905, and this case is excepted from the operation of the proviso by the Revisal, sec. 5454.

The judgment sustaining the plea of the statute of limitations is

Reversed.