JOEL E. DEBRUHL v. NEW BERN BANKING AND TRUST COMPANY.

(Filed 4 October, 1916.)

**Contracts—Services Rendered Deceased—Promised Consideration—Executors and Administrators.**

Evidence that the plaintiffs cared for the deceased and his aged and blind wife for a number of years; that both were helpless, requiring constant nursing and attention, given and received in expectation of compensation, is sufficient to sustain the verdict in plaintiff's favor in this case, as to the reasonable value of such services.

ALLEN, J., did not sit.

ACTION tried before *Whedbee, J.,* and a jury, at May Term, 1916, of CRAVEN.

On issues submitted, the jury rendered the following verdict:

1. Did David E. Debruhl, the testator of defendant, contract and agree with the plaintiff that if plaintiff would render the services declared on the complaint that he would will to the plaintiff his entire estate, as alleged? Answer: "No."

5. If "No" to first issue, is the defendant indebted to plaintiff for services rendered by plaintiff and wife to testator of defendant during the three years next preceding the death of said David E. Debruhl, and if so, in what sum? Answer: "Yes, $1,500 and interest."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*A. D. Ward and William F. Ward for plaintiff.*
*Moore & Dunn and T. D. Warren for defendant.*

PER CURIAM. The Court is unable to see any reason why this verdict and judgment should be disturbed. There was allegation, with evidence on the part of plaintiff tending to show, that for ten years before testator died plaintiff had performed faithful and onerous duties in caring for and looking after the testator and his aged wife, and for the last three years the said testator had lived in the home of plaintiff,

and his wife with him till she died, about six months before her husband; that when they came to plaintiff's house to live the wife was blind and he had consumption, and both were old, feeble, and practically helpless, requiring almost constant attention, and that the services were well worth $2,500.

There was also evidence on the part of plaintiff that their services were given and received in expectation of being paid for, and some of the testimony tended to show that they were given and received under a contract that the testator was to will plaintiff his property.

The jury found there was no contract to will the property, but that the services rendered by plaintiff to the testator for the last three years of his life were reasonably worth the sum of $1,500 and under the charge of his Honor that these services were given and received in expectation of being paid for. *Winkler v. Killian,* 141 N. C., 575.

There is no ground for complaint on the part of defendant as to the manner in which the case was presented to the jury, and the facts in evidence are in full support of the verdict rendered.

No error.

ALLEN, J., did not sit.