EUGENE IRVIN and R. S. MONTGOMERY, as Administrators With the Will Annexed of the Estate of H. C. HARRIS, Deceased, v. WILLIAM C. HARRIS et al.

(Filed 20 December, 1922.)

**Limitation of Actions—Deceased Persons—Executors and Administrators —Creditors—Estates.**

C. S., 412, extending the time within which an action that has survived may be brought against representatives of deceased persons to one year after the issuance of letters testamentary or of administration, provided the letters are issued within ten years of the death of such person, and that it is not necessary to bring an action upon a claim against the estate

to prevent the bar which has been admitted by the personal representative, until after his final settlement, is an enabling statute, intending to enlarge to that extent the time within which the action may be brought, and not to suspend the operation of the statute, which continues to run. In this case the question of the custom of partners in making sealed and unsealed obligations is referred to the case of *Supply Co. v. Windley*, 176 N. C., 18.

THIS is a petition to rehear the case reported in 182 N. C., 653. From ROCKINGHAM.

*J. I. Scales, J. M. Sharp, H. W. Cobb, Jr., Fentress & Jerome, and Manly, Hendren & Womble for petitioners.*
*P. T. Stiers, W. R. Dalton, Thomas C. Hoyle, F. P. Hobgood, Jr., and Humphreys & Gwynn contra.*

ADAMS, J. The question presented for decision in the petition for a rehearing involves the construction of the following statute: "If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative after the expiration of that time, and within one year from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, provided the letters are issued within ten years of the death of such person. If the claim upon which the cause of action is based is filed with the personal representative within the time above specified, and admitted by him, it is not necessary to bring an action upon such claim to prevent the bar, but no action shall be brought against the personal representative upon such claim after his final settlement." C. S., 412.

On behalf of the creditors it is insisted that the legal effect of this provision is to suspend the statute of limitations as to their several claims during the period that intervened between the death of the debtor and the qualification of his personal representative, and that such intervening period should not be considered in computing the statutory bar.

We cannot concur in this conclusion, although apparently it finds support in some of the decisions. "When the statute of limitations has once begun to run, nothing stops it, but the Code does not stop when the cause of action is one which must be brought by or against a personal representative. . . . If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his personal representative after the expiration of that

time and within one year after the issuing of letters testamentary or of administration." *Winslow v. Benton,* 130 N. C., 58. The extension of one year after the issuing of letters testamentary or of administration is not a disabling, but an enabling statute, intended to enlarge to that extent the time within which the action may be brought.

This is the purport of the reported case, but the defendants contend that by the application of this principle certain claims should be disallowed in addition to those excluded in the former opinion. While it is not our purpose to conclude any claimant in case of a possible error or mistake, if the dates and claims are correctly stated (as we understand them to be), in "Appendix No. 1" following the defendants' brief filed with their petition, it would seem that all the claims therein set out are barred and should be disallowed, in addition to those excluded on the former appeal.

We have considered the argument submitted by the counsel for Mrs. Chandler (Lizzie Sellers, exception 2), concerning the alleged custom of Robert Harris & Brother to issue both sealed and unsealed instruments, but we find nothing in the record to warrant us in holding that the principles announced in *Supply Co. v. Windley,* 176 N. C., 18, and other similar cases, do not apply.

When the case on appeal was argued, the record was not sufficiently definite to enable us to determine whether certain claims were barred, and a writ of *certiorari* was issued to the clerk of the Superior Court of Rockingham County in order to obtain more definite information. Upon consideration of the record as it now appears, we think the petition should be allowed.

Petition to rehear allowed.