JENNIE WOOD v. GAITHER WOOD, Administrator of KELLY WOOD.

(Filed 5 December, 1923.)

**1. Contracts—Quantum Meruit—Services Rendered—Actions.**

Service rendered by a woman to her husband's brother, of a household nature, are a sufficient consideration to support his promise "to make ample provision for her and to see that she should be well paid for her services," upon which her action to recover upon a *quantum meruit* will lie.

**2. Same—Limitation of Actions.**

The statute of limitations for services rendered will run against the one claiming compensation therefor upon an implied promise to pay, upon a *quantum meruit,* three years next before the commencement of the action, in the absence of a prevailing custom to the contrary, such implied promise being to pay for such services as and when rendered. The suggestion in *Hauser v. Sain,* 74 N. C., 552, on the point, is overruled.

**3. Same—Instructions—Verdict Directing—Appeal and Error—Prejudice—New Trials.**

In an action to recover upon a *quantum meruit* for services rendered to a deceased person immediately preceding the time of his death, involving the application of the three-year statute of limitations, the jury found the issue as to amount in a certain sum, and answered the issue as to the statute in the affirmative, whereupon the judge refused to sign judgment upon the verdict, and directed them to retire and find, in addition to their verdict on the last issue, in effect, that the plaintiff's action was barred "for all time except three years next preceding the death of plaintiff's intestate": *Held,* prejudicial to the defendant, depriving him of the right to have the jury reconsider their verdict as to the amount of the damages to be awarded as falling within the statutory period, in view of the direction given by the judge on the last issue.

APPEAL by defendant from *Ray, J.,* at May Term, 1923, of DAVIE.

Civil action tried upon the following issues:

"1. Did the plaintiff and deceased intestate make and enter into the contract as alleged in the complaint? Answer: 'No.'

"2. What amount, if any, is the plaintiff entitled to recover? Answer: '$1,500.'

"3. Is the plaintiff, in this cause of action, barred by the statute of limitations? Answer: 'Yes, for all time except three years next preceding the death of defendant's intestate.'"

Judgment on the verdict in favor of plaintiff. Defendant appealed.

*B. C. Brock and Graves, Brock & Graves for plaintiff.*

*E. L. Gaither, Hamilton & Morris, and A. T. Grant, Jr., for defendant.*

STACY, J. In May, 1915, plaintiff and her husband, it is alleged, entered into a contract with one Kelly Wood, brother of plaintiff's husband, whereby it was agreed that for certain specific services of a household nature, to be rendered by plaintiff, the said Kelly Wood would "make ample provision for the plaintiff and see that she was well paid for her services." The first issue is addressed to this alleged contract, and it is answered in the negative.

Failing to establish the contract as alleged, plaintiff seeks to recover upon a *quantum meruit* for services rendered, and the second issue is addressed to this phase of the case. Plaintiff's right to recover on a *quantum meruit,* if she can bring herself within the principle, would seem to be established by the following authorities: *Debruhl v. Trust Co.,* 172 N. C., 839; *Winkler v. Killian,* 141 N. C., 575; *Ellis v. Cox,* 176 N. C., 616; *Shore v. Holt,* 185 N. C., p. 313, and cases there cited.

But as a general rule, when the statute of limitations is pleaded, plaintiff may not recover on a *quantum meruit* for services rendered more than three years next immediately preceding the commencement of her action. *Miller v. Lash,* 85 N. C., 51; *McCurry v. Purgason,* 170 N. C., 463. Where the law implies a promise to pay for services rendered, in the absence of a contrary prevailing custom, the promise is to pay for such services as and when rendered. Hence the statute is silently and steadily excluding so much as is beyond the prescribed period of limitation. The contrary suggestion in *Hauser v. Sain,* 74 N. C., 552, is disapproved. "Where services are rendered for a series of years, under no definite contract as to duration, rate or mode of compensation other than that implied by law, the promise which the law implies is to pay for such services as they are rendered, and the statute of limitations begins to run then, or, at least, from the end of the year in which they were performed." *Miller v. Lash, supra.*

Kelly Wood died in the spring of 1922, and this action was started by the issuance of summons on 4 November, 1922. There was evidence tending to show that plaintiff and her husband left the home of the deceased in the fall of 1921. Thus it would appear from the answer to the third issue that the amount awarded may be larger than the plaintiff is entitled to recover, even upon the principle stated. But however this may be, we think the circumstance just mentioned, taken in connection with the following portion of the record, makes it necessary to remand the cause for another hearing:

"The jury, in the presence of counsel for both plaintiff and defendant, returned into open court and delivered in open court their verdict, having answered the first issue 'No'; the second issue '$1,500,' and the third issue 'Yes.' The court thereupon refused and declined to accept the verdict and instructed the jury to retire and answer the third issue as the court had instructed them, the court writing the answer out for the jury, as follows: 'Yes, for all time except the three years next preceding the death of defendant's intestate,' to which the defendant excepted."

It will be observed that, under his Honor's last instruction, the jury was not allowed to reconsider its answer to the second issue after the answer to the third issue had been amended. This was necessary in order to make it the verdict of the jury. The jury at first found that plaintiff's cause of action was barred by the statute of limitations. This was equivalent to saying that the work, for which she was entitled to compensation, was performed prior to the time not excluded by the statute. Therefore the crucial question as to how much plaintiff is entitled to recover for services rendered within the statutory period has not been answered by the jury.

New trial.