NETA EDWARDS v. JOEL T. MATTHEWS, EXECUTOR OF E. D. BASS, DECEASED.

(Filed 12 September, 1928.)

**Executors and Administrators—Allowance and Payment of Claims— Claims Against Decedent for Services Rendered—Quasi-Contracts— Quantum Meruit.**

Where the plaintiff declares upon an express contract with defendant's intestate she is not precluded from recovery upon *quantum meruit* for services rendered three years before intestate's death when the evidence supports the claim and there is no relationship between the decedent and the plaintiff to raise the presumption that the services were gratuitously rendered.

APPEAL by defendant from *Daniels, J.,* at January Term, 1928, of NASH. No error.

Civil action to recover for services rendered by plaintiff to defendant's testator.

By its answer to the first issue the jury found that defendant's testator did not enter into the express contract with plaintiff, as alleged in her complaint.

From judgment on the verdict that defendant is indebted to plaintiff upon a *quantum meruit* for such services, in the sum of $2,100, defendant appealed to the Supreme Court.

*Austin & Davenport for plaintiff.*
*L. T. Vaughn, W. M. Person and I. T. Valentine for defendant.*

· PER .CURIAM. Defendant's exception to the submission of the fourth issue, to wit: "Is the defendant indebted to the plaintiff upon the *quantum meruit* for services rendered?" cannot be sustained.

In her complaint plaintiff alleged an express contract by which defendant's testator promised and agreed to compensate her liberally for the services rendered by her. She relied upon this contract as the foundation of her cause of action. However, her failure to prove the express contract did not preclude her recovery for the services which the evidence shows that she rendered to defendant's testator upon a *quantum meruit*. There was no relationship between plaintiff and defendant's testator from which a presumption arises that the services were gratuitous. *Lowrie v. Oxendine,* 153 N. C., 268, 69 S. E., 131. There was no error in the submission of the fourth issue. *Stokes v. Taylor,* 104 N. C., 394, 10 S. E., 566, 13 C. J., 750, sec. 910.

Recovery was limited, under instructions of the court, to services rendered during three years immediately preceding the death of defendant's testator. Assignments of error based upon exceptions to the admission of evidence cannot be sustained. The evidence was properly submitted to the jury and is sufficient to sustain the verdict. There are no assignments of error based upon exceptions to the charge. The judgment is affirmed. There is

No error.