FARMERS BANK OF CLAYTON v. NELLIE HORNE McCULLERS, MELBA McCULLERS MISENHEIMER AND MELBA McCULLERS MISENHEIMER, EXECUTRIX.

(Filed 7 October, 1931.)

1. **Fraudulent Conveyances A b—In action to set aside deed as being voluntary the grantee is entitled to prove real consideration.**

   Where, in an action to set aside a deed from a mother to her daughter as being voluntary and fraudulent as to creditors, the daughter attempts to show that the deed was given in consideration of personal services rendered the mother by her, upon a promise to pay therefor, it is error for the trial court to confine her evidence to services rendered within three years next preceding the commencement of the action or the death of the grantor, the action not being to recover for such services and no plea of the statute of limitations being entered.

2. **Same—Where consideration is alleged to be services rendered grantor by daughter presumption of gratuity is rebuttable.**

   In an action to set aside a deed from a mother to her daughter as being voluntary and fraudulent as to creditors, the daughter is entitled to show, if she can, that the consideration for the deed was personal services rendered by her to her mother, the presumption of gratuity arising out of the relationship being rebuttable by proof of an agreement to pay, or that payment was intended on the one hand and expected on the other, and although the deed, if voluntary, is void as to creditors, it is otherwise if the defendant can show a valuable consideration therefor.

3. **Judgments C b—Judgment by confession in this case held not necessarily void as matter of law.**

   The judgment by confession in this case is held not necessarily void as matter of law, it appearing that the confession and entry on their face conform to statutory requirements.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1931, of JOHNSTON.

Civil action instituted by Farmers Bank of Clayton, judgment creditor of Nellie Horne McCullers, to set aside an alleged voluntary conveyance and purported confession of judgment, alleged to have been executed and entered by the said Nellie Horne McCullers in favor of her daughter, Melba McCullers Misenheimer, fraudulently and with intent to delay, hinder and defeat the rights of plaintiff and other creditors.

On 24 October, 1927, the plaintiff instituted two suits against Nellie Horne McCullers to recover on promissory notes aggregating something over $10,000. Judgments were entered in these cases for the plaintiff at the April Term, 1929. Executions on these judgments were returned "nothing to be found."

During the pendency of these actions, to wit, on 20 March, 1928, Nellie Horne McCullers executed a deed to her daughter, Melba Mc-

Cullers Misenheimer, conveying a one-third undivided interest in the home place of the late Ashley Horne, subject to the dower right of his widow. The deed recites a consideration of $500.00, but in the answers filed by Nellie Horne McCullers, Melba McCullers Misenheimer, and later by Melba McCullers Misenheimer, executrix of the estate of Nellie Horne McCullers, deceased, it is alleged that said deed was executed in consideration of personal services rendered by the daughter to her mother under agreement that the deed should be executed in consideration therefor. The court excluded all evidence tending to show services rendered prior to 1 January, 1925. Objection and exception. It is not claimed that any were rendered thereafter as consideration for the deed.

On 28 February, 1929, Nellie Horne McCullers confessed judgment in favor of her daughter, Melba McCullers Misenheimer, of which the following is a copy of the judgment roll:

CONFESSION OF JUDGMENT.

"North Carolina—Johnston County.                    In the Superior Court.

Melba McCullers Misenheimer v. Mrs. Nellie Horne McCullers.

1. I, Nellie Horne McCullers, defendant in the above entitled action, hereby confess judgment in favor of Melba McCullers Misenheimer, plaintiff, for the sum of $15,975 with interest from 1 February, 1927, the average due date of said account, and authorize the entry of judgment against me thereof on 28 February, 1929.

2. The confession of this judgment is for a debt justly due by me, the said Nellie Horne McCullers, to the said Melba McCullers Misenheimer, plaintiff, arising from the following facts, to wit:

3. For services rendered in nursing her mother, day and night, being companion to her mother, looking after and generally running the household for her mother from 1 January, 1925, through 28 February, 1929, 213 weeks at $75.00 per week (excepting three weeks in January, 1928), $15,975, which said sum is due to the plaintiff by the defendant over and above all just demands that she has against her.

                                        (Signed)   Nellie Horne McCullers.

Nellie Horne McCullers, being duly sworn, says that the facts set out in the above confession are true and the amount of judgment confessed is justly due the plaintiff.

Sworn to and subscribed before me this 28 February, 1929.

                                        (Signed)   Weisner Farmer, N. P.
(Notarial Seal.)

My commission expires: 17 August, 1929.

This cause coming on to be heard upon the confession of judgment of the said Nellie Horne McCullers, it is, therefore, considered, adjudged and ordered that the plaintiff, Melba McCullers Misenheimer, recover of the defendant, Nellie Horne McCullers, the sum of $15,975, with interest thereon from 1 February, 1927, the average due date of said running account.

Witness my hand and seal, this 28 February, 1929.

(Signed)   H. V. Rose, Clerk Superior Court."

Under peremptory instructions that if the facts were found to be as testified to by all the witnesses and as indicated by the record evidence to answer the determinative issues in favor of the plaintiff, the jury returned the following verdict:

"1. Was the deed executed by Nellie Horne McCullers to her daughter, Melba McCullers Misenheimer, 20 March, 1928, recorded in Book 211, page 72, of the registry of Johnston County, a voluntary conveyance without adequate consideration? Answer: Yes.

"4. Is the confessed judgment referred to in the complaint void? Answer: Yes."

From a judgment declaring the deed and confession of judgment void and of no effect, and ordering their cancellation of record, the defendants appeal, assigning errors.

*Ed. F. Ward, James D. Parker and Abell & Shepard for plaintiff.*
*F. H. Brooks and Winfield H. Lyon for defendants.*

STACY, C. J. Defendants were not permitted to show, as consideration for the deed in question, services rendered prior to 1 January, 1925, upon the theory, we presume, that recovery for such services was thought to be limited to three years next immediately preceding the commencement of the action, or the death of Nellie Horne McCullers. *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194; *Edwards v. Matthews,* 196 N. C., 39, 144 S. E., 300; *Miller v. Lash,* 85 N. C., 51. In this we think there is error. The action is not to recover for such services and there is no plea of the statute of limitations.

True, services rendered gratuitously by a daughter to her mother may not support a conveyance as against creditors, or be used as the basis of an action against the latter or her estate. *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875; *Staley v. Lowe,* 197 N. C., 243, 148 S. E., 240; *Stallings v. Ellis,* 136 N. C., 69, 48 S. E., 548. But the presumption of gratuity, which arises out of certain family relationships, may be overcome or rebutted by proof of an agreement to pay, or of facts and circumstances permitting the inference that payment was intended on

the one hand and expected on the other. *Nesbitt v. Donoho, supra; Dunn v. Currie,* 141 N. C., 123, 53 S. E., 533; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233; *Henderson v. McLain,* 146 N. C., 329, 59 S. E., 873; *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540. The defendants are entitled to show, if they can, the real consideration for the deed in question. *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339; *Faust v. Faust,* 144 N. C., 383, 57 S. E., 22; *Barbee v. Barbee,* 108 N. C., 581, 13 S. E., 215. The plaintiff, on the other hand, is entitled to assail the instrument, if it can successfully do so, as a voluntary conveyance under the principles announced in *Bank v. Lewis, ante,* 148, and cases there cited.

Nor would it seem, under the tests enumerated in *Bank v. McCullers, post,* 440, that the judgment by confession is necessarily void as a matter of law. The confession and entry on their face appear to conform to the requirements of the statute; at least they are not perforce abortive. *Uzzle v. Vinson,* 111 N. C., 138, 16 S. E., 6; 34 C. J., 97, *et seq.*

New trial.