### ENOCH DUNN v. LUCINDA BREWER ET AL.

(Filed 8 October, 1947.)

**1. Wills § 4: Frauds, Statute of § 10—**

A parol contract to devise realty in consideration of personal services rendered and to be rendered, is unenforceable against a plea of the statute of frauds.

**2. Executors and Administrators § 15d—**

Recovery cannot be had upon *assumpsit* or *quantum meruit* for personal services rendered in reliance upon an oral contract to devise when the action is instituted more than three years after the death of the promissor and the statute of limitations is pleaded in bar. G. S., 1-52.

APPEAL by plaintiff from *Carr, J.,* at March Term, 1947, of CHATHAM.

Civil action to recover for services rendered by plaintiff to E. B. Brewer and wife, Lucinda Brewer, under oral contract made in 1930 whereby plaintiff was to move on to the lands of E. B. Brewer, provide for him and his wife so long as they should live, and at his death, all the property of E. B. Brewer was to become the property of the plaintiff in satisfaction of services rendered and to be rendered.

It is alleged and in evidence that plaintiff has performed his part of the contract; that E. B. Brewer died in 1936, devising his property to his wife for her life, remainder to Willie A. Phillips, and without leaving plaintiff any of his property; that plaintiff has continued to perform his part of the contract. Wherefore, plaintiff brings this action to protect his rights and to subject the lands of the deceased to the payment and satisfaction of his claim. Summons was issued herein on 2 May, 1946.

The defendants answered, denied the allegations of contract as set out in the complaint, and pleaded the statute of frauds and the statutes of limitation.

At the March Term, 1947, Chatham Superior Court, the death of Lucinda Brewer was suggested and her administrator was brought in as a party defendant.

Plaintiff was allowed recovery against the estate of Lucinda Brewer for services rendered during the three years next immediately preceding her death, but he was not allowed to take anything against the estate of E. B. Brewer or against the defendant, Willie A. Phillips.

From the judgment entered, the plaintiff appeals, assigning errors.

*H. F. Seawell for plaintiff, appellant.*
*Wade Barber for defendants, appellees.* ·

STACY, C. J. The appeal poses the question whether the plaintiff is entitled to judgment against the estate of E. B. Brewer. The trial court answered in the negative, and we approve. Plaintiff is discontent with his limited recovery against the estate of Lucinda Brewer.

Recovery was properly denied on plaintiff's alleged contract as against the estate of E. B. Brewer, because it rests in parol and is not subject to specific enforcement. *Coley v. Dalrymple,* 225 N. C., 67, 33 S. E. (2d), 477; *Neal v. Trust Co.,* 224 N. C., 103, 29 S. E. (2d), 206; *Daughtry v. Daughtry,* 223 N. C., 528, 27 S. E. (2d), 446; *Price v. Askins,* 212 N. C., 583, 194 S. E., 284.

Recovery was likewise properly denied as against the estate of E. B. Brewer on *assumpsit* or *quantum meruit,* since the action was instituted more than nine years after the right accrued and the defendants have interposed a plea of the three-years statute of limitations. G. S., 1-52; *Wood v. Wood,* 186 N. C., 559, 120 S. E., 194; *McCurry v. Purgason,* 170 N. C., 463, 87 S. E., 244, Ann. Cas. 1918-A, 907; *Miller v. Lash,* 85 N. C., 52, 39 Am. Rep., 678; McIntosh on Procedure, 161.

There was no error in disallowing the plaintiff's claim as against the estate of E. B. Brewer.

Affirmed.