MARY ELSIE HODGE v. LEWIS PERRY, JR., ADMINISTRATOR OF THE ESTATE OF LEWIS PERRY, SR.

(Filed 22 November, 1961.)

**1. Quasi-Contracts § 1—**

In the absence of a special contract or prevalent custom that compensation for personal services should become due at a later date, the right to recover on an implied contract to pay for such services accrues as and when the services are rendered.

**2. Executors and Administrators § 24b—**

G.S. 1-52 bars the claim for personal services rendered a decedent only as to those services rendered more than three years prior to the date

of decedent's death, G.S. 1-22, and the contention that the statute bars the claim for all services rendered more than three years prior to the institution of the action, is untenable.

### 3. Limitation of Actions § 9—

An action against the personal representative of a decedent on a claim which survives decedent's death may be maintained within one year after the issuance of letters of administration if the claim is not barred at the time of the decedent's death. G.S. 1-22.

APPEAL by defendant from *Carr, J.,* May Term, 1961, of WAKE.

Plaintiff instituted this action to recover for personal services rendered Lewis Perry, Sr., defendant's intestate, from early in 1952 until his death, in consideration of the decedent's promise to compensate plaintiff therefor. Defendant, by answer, denied plaintiff's material allegations; and, as to any alleged services rendered more than three years *before this action was instituted,* defendant pleaded the three-year statute of limitations (G.S. 1-52) in bar of plaintiff's right to recover.

The court submitted, and the jury answered, these issues: "1. Did the plaintiff render services to Lewis Perry, Senior, under an implied contract that she was to receive compensation for said services, as alleged in the Complaint? ANSWER: *Yes.* 2. What amount, if any, is the plaintiff entitled to recover of the defendant? ANSWER: *$4,290.00.*"

Judgment for plaintiff, in accordance with the verdict, was entered. Defendant excepted and appealed, assigning errors.

*Bunn, Hatch, Little & Bunn for plaintiff, appellee.*
*J. B. Bilisoly for defendant, appellant.*

BOBBITT, J. Careful consideration of each of defendant's twenty-one assignments of error fails to disclose error deemed sufficiently prejudicial to justify the award of a new trial.

However, assignments Nos. 12, 13, 14 and 16, based on exceptions to portions of the charge, merit discussion. All present the same question of law.

Decedent died May 19, 1959. Defendant qualified as administrator May 25, 1959. This action was instituted April 11, 1960.

The court instructed the jury that, if plaintiff was entitled to recover, she was entitled to recover the reasonable value of the services she rendered the decedent during *the three years immediately preceding his death.* Defendant contends this was error, asserting plaintiff's action was barred as to all services rendered more than *three years prior to the institution of this action.* Thus, under defendant's con-

tention, plaintiff's recovery would be limited to the period of two years, one month and eight days immediately preceding decedent's death.

We are not presently concerned with decisions such as *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764, and cases cited therein, holding that, with reference to personal services rendered by A to B under an agreement that A is to be compensated therefor at the death of B, the statute of limitations does not begin to run during B's lifetime. Here, the court, in accordance with *defendant's* contention, held plaintiff's evidence insufficient to invoke this rule.

Disapproving a contrary suggestion in *Hauser v. Sain,* 74 N.C. 552, this Court, in *Miller v. Lash,* 85 N.C. 51, in opinion by *Smith, C.J.,* said: ". . . the unexplained fact of labor performed and extending over a series of years raises no implication that payment is to be made at any fixed period, unless perhaps annually, as controlled by a prevalent custom appropriate to the kind of service and entering into the contract, when it so appears in evidence. The implied promise is to pay for services as they are rendered, and payment may be required whenever *any are rendered;* and thus the statute is silently and steadily excluding so much as is beyond the prescribed limitation." This rule is restated and approved by *Stacy, J.* (later *C.J.*), in *Wood v. Wood,* 186 N.C. 559, 120 S.E. 194. Absent a special contract or prevalent custom that compensation was to become due at a later date, the implied promise was to pay for plaintiff's services as and when rendered.

In *Wood v. Wood, supra,* the trial judge instructed the jury that plaintiff's action was barred by the statute of limitations "for all time except the three years next preceding the death of defendant's intestate." Defendant calls attention to this excerpt from the opinion: "But as a general rule, when the statute of limitations is pleaded, plaintiff may not recover on a *quantum meruit* for services rendered more than three years next immediately preceding the commencement of her action." *Miller v. Lash, supra,* and *McCurry v. Purgason,* 170 N.C. 463, 87 S.E. 244, are cited in support of this statement. While a new trial was awarded on a different ground, the opinion suggests that the court's instructions may have caused the jury to award a larger amount than plaintiff was entitled to recover. There, as here, an appreciable time elapsed between the death of the decedent and the institution of the action against the administrator.

In *McCurry v. Purgason, supra,* the question presented was whether the plaintiff's cause of action accrued at decedent's death, as contended by plaintiff, or as and when the services were rendered, as contended by defendant. The plaintiff performed no services after December 12, 1910. The decedent died in January, 1915. In awarding a

new trial, this Court held, *inter alia,* if the plaintiff and the decedent on December 12, 1910, mutually abandoned their agreement, plaintiff's cause of action for services previously rendered then accrued; and that, since more than three years elapsed from December 12, 1910, until the institution of the action, plaintiff's right to recover, if the agreement was abandoned by mutual consent, was barred by the statute of limitations. However, in *McCurry,* if the three-year statute of limitations applied, plaintiff's right to recover was barred prior to the death of the decedent.

In *Edwards v. Matthews,* 196 N.C. 39, 144 S.E. 300, where a judgment for plaintiff was upheld, the *per curiam* opinion states: "Recovery was limited, under instructions of the court, to services rendered during three years immediately preceding the death of defendant's testator." Later, in *Brown v. Williams,* 196 N.C. 247, 251, 145 S.E. 233, *Clarkson, J.,* states: "We think the evidence should be submitted to the jury on the question of *quantum meruit* for the three years prior to the death of defendant's testator. *Edwards v. Matthews, ante,* 39."

In *Bank v. McCullers,* 201 N.C. 412, 414, 160 S.E. 497, the opinion begins with this statement: "Defendants were not permitted to show, as consideration for the deed in question, services rendered prior to 1 January 1925, upon the theory, we presume, that recovery for such services was thought to be limited to three years next immediately preceding the commencement of the action, or the death of Nellie Horne McCullers. *Wood v. Wood,* 186 N.C. 559, 120 S.E. 194; *Edwards v. Matthews,* 196 N.C. 39, 144 S.E. 300; *Miller v. Lash,* 85 N.C. 51. In this we think there is error. The action is not to recover for such services and there is no plea of the statute of limitations." Despite the holding that the statute of limitations was not involved, the quoted statement suggests a conflict in our decisions as to whether recovery for services is limited to the three years next preceding the commencement of the action or to the three years next preceding the decedent's death.

Here, if plaintiff had instituted an action against decedent immediately prior to his death, the statute of limitations would not have barred recovery for services rendered during the three years immediately preceding the institution thereof. Plaintiff's cause of action survived.

G.S. 1-22, in pertinent part, provides: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters

testamentary or of administration, provided the letters are issued within ten years of the death of such person."

It is noted that the statute now codified as G.S. 1-22 is not referred to in any of the above-cited cases.

"The general rule is unquestionably that when the 'statute of limitations once begins to run nothing stops it.' But the statute (Revisal, sec. 367) has made an exception where a party dies. It provides that if the debt is not barred at the time of the debtor's death, action can be brought against his personal representative (if the cause of action survive), though the period of limitation has then elapsed, if within one year after issuing of letters of administration." *Matthews v. Peterson,* 150 N.C. 134, 63 S.E. 721; *Irvin v. Harris,* 182 N.C. 656, 109 S.E. 871; s. c., 184 N.C. 547, 114 S.E. 818; *Humphrey v. Stephens,* 191 N.C. 101, 131 S.E. 383, and cases cited; *Winslow v. Benton,* 130 N.C. 58, 40 S.E. 840; *Benson v. Bennett,* 112 N.C. 505, 17 S.E. 432.

Having instituted this action against the administrator within one year after his qualification, plaintiff's right to recover is the same as if he had instituted the action against the decedent immediately preceding his death. The respective rights of the parties are fixed as of the date of decedent's death; and, in respect of the statute of limitations, the interval between decedent's death and the institution of the action has no legal significance.

The court below correctly ruled that plaintiff, if entitled to recover, was entitled to recover for the services rendered by her during the three years immediately preceding the decedent's death.

No error.