J. H. BENSON v. J. A. BENNETT, Administrator of John Irvin.

*Claim Against Decedent—Statute of Limitations.*

1. Section 164 of *The Code* is an enabling and not a disabling statute; it applies only in those cases where, in regular course, but for the interposition of the section, a claim would become barred in less than one year from the grant of letters of administration, and is not a restriction on the statute of limitations so that a claim should become barred by the lapse of a year from the grant of letters, where, but for the section, it would not be barred until a later date.

2. Where right of action accrued May 24, 1884, decedent (debtor) died July 9, 1885, and letters of administration were granted August 21, 1885, an action commenced July 5, 1887, is not barred by the three years' statute of limitations, for, excluding the time between the death of debtor and the grant of administration, three years had not elapsed.

CIVIL ACTION, heard before *Graves, J.,* at February Term, 1893, of ROCKINGHAM Superior Court.

It was originally begun by plaintiff against Catherine S. Irvin, administratrix of John Irvin, but she having been removed pending the action, the present defendant, J. A. Bennett, was substituted as administrator in her place. Plaintiff sought, by the action, to have an account stated of dealings between himself and defendant's intestate, as partners in the purchase and sale of real estate at Reidsville and judgment rendered for him for the balance that might be found due him from the proceeds of an auction sale of lots made on 24th day of May, 1884, which, he alleged, defendant's intestate collected and did not account for. Defendant answered that his intestate died on the 9th day of July, 1885, and letters of administration were granted on 21st August, 1885; that the auction sale of lots, out of which the alleged claim arises, was held on the 24th day of May, 1884, in the life-time of decedent, and that the action having been commenced on the 5th July, 1887, is barred by the general statute of limitations of three years, and also by the lapse of more than one year after grant of administration before suit brought under section 164 of *The Code.* The facts alleged in the answer being admitted, it was submitted to his Honor, without the intervention of a jury, to decide whether the said plea in bar was effectual. Upon consideration his Honor decided that the statute of limitations under section 164 of *The Code* was a bar to the plaintiff's action and gave judgment accordingly, from which plaintiff appealed.

*Messrs. Mebane & Scott,* for plaintiff (appellant).
No counsel *contra.*

CLARK, J.: The defendant's intestate died on the 9th of July, 1885, and administration was granted on his estate on the 21st of August, 1885. The auction sales, for the balance due from which this action is partly brought, took place on the 24th of May, 1884, and this action was begun on the 5th of July, 1887.

As we understand it, the only question presented by the appeal is whether under a proper construction of section 164 of *The Code* this demand is barred, for as to the account for goods sold and delivered, if the last item of the account was, as averred, on the 6th of May, 1876, that part of the plaintiff's demand is clearly barred.

Section 164 of *The Code* is an enabling not a disabling statute. It means that if at the time of the death of the debtor the claim is not barred action may be brought within one year after the grant of letters to the personal representative in those cases where, in regular course, but for the interposition of this section, the claim would become barred in less time than one year from such grant. It was not intended to be a restriction on the statute of limitations so that a claim should become barred by the lapse of a year from the grant of letters, where, in regular course, but for this section, it would not be barred till a later date. The object in view is that when the cause of action survives and is not barred at the time of the death, there *shall be at least* one year after the death of the creditor, or one year after the grant of letters of administration to the personal representative of the debtor, before action is barred. This is conclusively shown by the words of the section, that if the party die before the claim is barred action may be brought "*after the expiration of the time limited,* and within one year." *Coppersmith* v. *Wilson,* 107 N. C., 31, decides nothing more than the distinction that, though the one year allowed by section 164 is counted from the death of the creditor, it is

counted only from the grant of letters when it is the debtor who dies.

Although more than a year had elapsed in this case after the grant of letters of administration before suit brought, yet, excluding the time between the death of the debtor (July 9, 1885) and the issue of letters of administration (August 21, 1885), the time elapsing between the sale (May 24, 1884) and the bringing of this action (July 5, 1887), only two years eleven months and twenty-nine days had passed, and in no view could the three years' statute of limitations apply. It is only when that might otherwise apply that section 164 can have place and extend the time.

This renders it unnecessary to consider the question raised, whether on the facts of this case a demand was necessary to set the statute in motion.

Error.