HENRY L. INGRAM, JR., Substituted Trustee, EVERETT TROTTER, Trustee and REECE TROTTER, Assignees of the Judgment in the Cause: "Reece Trotter, Plaintiff vs. William Curtis Garner and Henry Fletcher Garner, Defendants" v. DOCK G. SMITH, Jr., Administrator of the Estate of Henry Fletcher Garner, Deceased

No. 7219SC496

(Filed 20 September 1972)

1. Limitation of Actions § 9— claim against deceased debtor — G.S. 1-22

If a claim is not barred at the time of the death of the debtor, G.S. 1-22 allows an action on the claim to be brought within one year after the grant of letters to the personal representative in those cases in which the claim would otherwise have become barred in less than one year from such grant; however, the statute does not bar a claim after the lapse of a year from the grant of letters where the claim would otherwise not be barred until a later date.

2. Limitation of Actions § 9— claim against deceased debtor — time between death and letters of administration

Where a debtor is deceased, the time from his death until the appointment of the personal representative is not included in counting the time of the statute of limitations, provided the estate is administered within ten years after the death.

3. Limitation of Actions § 9; Judgments § 49— action to preserve judgment lien — death of debtor — statute of limitations

An action commenced on 20 February 1969 to preserve the lien of a judgment entered on 11 February 1959 was not barred by the ten-year statute of limitations where the judgment debtor died on 20 August 1965 and letters of administration were issued on 3 November 1966, since under G.S. 1-22 the time between the debtor's death and the issuance of letters of administration is not counted toward the statute of limitations.

4. Torts § 3— joint tort-feasors — active and passive negligence — indemnity

As an exception to the common law rule that one joint tort-feasor may not sue another for indemnity, a tort-feasor whose negligence is passive and who has paid the injured party may sue the one whose negligence is active for indemnity.

5. Torts § 3— joint tort-feasors — contribution — indemnity

The rights of contribution and indemnity are mutually inconsistent; the former assumes joint fault, the latter only derivative fault.

6. Torts § 3— joint tort-feasors — statutory right of contribution — indemnity

The statute giving joint tort-feasors the right to contribution and allowing one joint tort-feasor to preserve the judgment lien as against the other does not affect the common law right of indemnity arising from primary-secondary liability. Former G.S. 1-240.

7. **Judgments § 49; Torts § 3— payment of judgment — assignment to trustee**

When a judgment is paid in full or otherwise satisfied, it is absolutely discharged, notwithstanding an assignment is made to a trustee to keep it alive, if the payor is not, aside from the judgment, entitled to contribution, subrogation or indemnity; however, if the payor is independently entitled to contribution, subrogation or indemnity, the trustee may sue for such relief.

8. **Negligence § 9— primary and secondary liability**

Primary and secondary liability between defendants exists only when (1) they are jointly and severally liable to the plaintiff, and (2) either one has been passively negligent but is exposed to liability through the active negligence of the other, or one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former.

9. **Torts § 3— primary-secondary liability — action for indemnity**

A separate action for indemnity arising from primary-secondary liability may not be commenced until after payment and satisfaction of the debt.

10. **Limitation of Actions § 4; Torts § 3— indemnity from joint tort-feasor — statute of limitations**

Since indemnity arising from primary-secondary liability is a quasi contractual right, it is subject to the three-year statute of limitations under G.S. 1-52(1).

11. **Limitation of Actions § 9; Torts § 3— joint tort-feasors — primary-secondary liability — action for indemnity — statute of limitations**

Where a judgment against joint tort-feasors was satisfied by payment in March 1960, the right of the passively negligent tort-feasor who paid the judgment to sue the actively negligent tort-feasor for indemnity expired in March 1963, and where the actively negligent tort-feasor died after the statute of limitations had expired, G.S. 1-22 did not save an action for indemnity instituted by the passively negligent tort-feasor in 1969.

APPEAL by plaintiffs from *Johnston, Judge,* 13 December 1971 Civil Session, RANDOLPH County Superior Court.

This is a civil action on a judgment arising out of an automobile accident in 1958 causing injury to Reece Trotter, being another in a series of cases concerning that judgment, entered on 11 February 1959. *Ingram v. Insurance Co.,* 266 N.C. 404, 146 S.E. 2d 509 (1966); *Ingram v. Insurance Co.,* 258 N.C. 632, 129 S.E. 2d 222 (1963).

In the original action Trotter recovered judgment against both W. C. Garner, the owner of the automobile, and H. F. Garner, the driver of the automobile. On or about 8 March

1960, W. C. Garner paid $10,000 toward the $35,000 judgment and his insurance carrier paid another $10,000. Pursuant to G.S. 1-240, then in effect, the plaintiff Trotter assigned the judgment to a trustee for the benefit of W. C. Garner for the purpose of preserving the judgment lien for contribution against H. F. Garner. Through a series of assignments, Henry L. Ingram was made trustee, and W. C. Garner assigned his beneficial interest back to the original plaintiff, Reece Trotter.

This action was commenced on 20 February 1969 for the purpose of preserving the judgment and to have the liability of W. C. Garner declared secondary and that of H. F. Garner declared primary, which adjudication is the necessary precedent to recovery of full indemnity from H. F. Garner who had paid nothing in satisfaction of the judgment.

Upon plea of the statute of limitations by the defendant, administrator of the estate of Henry F. Garner, deceased, summary judgment was entered and the action dismissed on 16 December 1971. From this judgment, plaintiffs appealed.

*John Randolph Ingram for plaintiff appellants.*

*Coltrane and Gavin by W. E. Gavin for defendant appellee.*

CAMPBELL, Judge.

The judgment on which this action is based was entered on 11 February 1959; this action was commenced on 20 February 1969. Although in fact more than ten years have passed since the judgment was entered, whether the ten-year statute of limitations has run to bar suit depends upon the effect of G.S. 1-22, since the defendant, H. F. Garner is now deceased.

G.S. 1-22 provides in part that "[i]f a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

The statute makes a distinction between claims *in favor* of a decedent's estate and claims *against* a decedent's estate. The former must be brought within one year of death, while the latter within one year of letters testamentary or administra-

Ingram v. Smith

tion. The reason for this distinction is that the time during which there was no administration upon the estate of the claimant should be counted because the law does not encourage remissness in those entitled to administration. *Coppersmith v. Wilson,* 107 N.C. 31, 12 S.E. 77 (1890).

[1] G.S. 1-22 is an enabling not a disabling statute. It means that if at the time of the death of the debtor the claim is not barred, action may be brought within one year after the grant of letters to the personal representative in those cases which, in regular course, but for the interposition of this section, the claim would become barred in less time than one year from such grant. *Benson v. Bennett,* 112 N.C. 505, 17 S.E. 432 (1893).

G.S. 1-22 was not intended to be a restriction on the statute of limitations so that a claim should become barred by the lapse of a year from the grant of letters, where, in regular course, but for this section, it would not be barred until a later date. *Benson v. Bennett, supra.*

[2] In addition, in counting the time of the statute of limitations, where the debtor is deceased, the time from his death until the appointment of the personal representative is *not included,* provided that the estate is administered within ten years after the death. *Humphrey v. Stephens,* 191 N.C. 101, 131 S.E. 383 (1925); *Prentzas v. Prentzas,* 260 N.C. 101, 131 S.E. 2d 678 (1963).

[3] In the instant case the judgment was rendered 11 February 1959, and would have been barred on 11 February 1969, without application of G.S. 1-22. The judgment debtor died on 20 August 1965, and letters of administration were issued 3 November 1966. There remained more than one year from this date before the claim would have been barred by the lapse of ten years.

The complaint was filed 20 February 1969, nine days past the final statute of limitations date. However, the time between defendant's death and issuance of letters amounted to one year, two months, and fourteen days, which time is not counted. Although more than a year had elapsed in this case after the grant of letters of administration before suit was commenced, yet, excluding the time between death and administration, the time elapsing between the original judgment and this suit thereon only eight years, nine months and twenty-five days had passed.

The ten-year statute of limitations cannot apply to bar suit on the judgment. The ten years not having run, it is not necessary to consider whether plaintiff had filed a claim against the estate and whether the claim has been admitted by the personal representative.

[4, 5]  As a general rule of common law one joint tort-feasor may not sue another for indemnity. An exception exists, however, where one is actively negligent, the other only passively negligent—the one whose negligence is passive may, upon payment of the judgment, sue the other for indemnity. This right is said to arise from a contract implied in law. *Hunsucker v. Chair Co.*, 237 N.C. 559, 75 S.E. 2d 768 (1953). At the time of Reece Trotter's judgment G.S. 1-240 allowed joint tort-feasors who were *in pari delicto*—in equal fault—to sue for contribution where one has paid more than his proportionate share of the judgment. This statute, G.S. 1-240, provided a new right of action wholly distinct from the common law right of indemnity. The rights of contribution and indemnity are mutually inconsistent; the former assumes joint fault, the latter only derivative fault. *Edwards v. Hamill*, 262 N.C. 528, 138 S.E. 2d 151 (1964).

[6, 7]  The statute giving joint tort-feasors the right to contribution, and allowing one joint tort-feasor to preserve the judgment lien as against the other does not affect the common law right of indemnity arising from primary-secondary liability. When the judgment was assigned to a trustee for the benefit of W. C. Garner, such assignment worked only to subrogate the trustee to the rights of the judgment creditor with respect to the lien and other incidents of the judgment for the benefit of his *cestui que trust*. Where the judgment is paid in full or otherwise satisfied, it is absolutely discharged notwithstanding that an assignment is made to a trustee to keep it alive, if the payor is not, aside from the assignment, entitled to contribution, subrogation or indemnity. However, if the payor is independently entitled to contribution, subrogation, or indemnity, the trustee may sue for whatever relief entitled. *Ingram v. Insurance Co.*, 258 N.C. 632, 129 S.E. 2d 222 (1963).

The right to bring this action does not depend, then, upon W. C. Garner's assignment of the judgment to a trustee for his benefit. It depends upon his right to indemnity irrespective of the preservation of the judgment. Since there is no right

to sue for indemnity until after the judgment is paid or satisfied by settlement, it must be assumed that this judgment was satisfied by the payment in 1960, for otherwise there could have been no assignment to the trustee.

At the time this suit was begun, G.S. 1-240 had been repealed, and in its place the General Assembly enacted the Uniform Contribution Among Tort-Feasors Act, G.S. Chapter 1B, effective on 1 January 1968. G.S. 1B-1(f) provides: "This article does not impair any right of indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation."

[8] Primary and secondary liability between defendants exists only when (1) they are jointly and severally liable to the plaintiff, and (2) either (a) one has been passively negligent but is exposed to liability through the active negligence of the other, or (b) one alone has done the act which produced the injury but the other is derivatively liable for the negligence of the former. *Edwards v. Hamill, supra.*

The doctrine of primary-secondary liability is based upon a contract implied in law. Enforceable in assumpsit, a contract implied in law is a quasi contract, which may result either from a tortious wrong or from one that is contractual. *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676 (1965).

[9] By proper allegations the Garners could have had determined in Trotter's original action the question of their primary and secondary liability. Having failed to do this, such liability could have been determined in a separate action between the Garners. However, a separate action for indemnity may not be commenced until after payment and satisfaction of the debt. *Ingram v. Insurance Co.,* 258 N.C. 632, 129 S.E. 2d 222 (1963); *Ingram v. Insurance Co.,* 266 N.C. 404, 146 S.E. 2d 509 (1966); *Hodges v. Armstrong,* 14 N.C. 253 (1831).

[10, 11] Since indemnity is a quasi contractual right it is subject to the three-year statute of limitations under G.S. 1-52(1): "Upon a contract, obligation or liability arising out of a contract, express or implied, . . ." A contract implied in law is subject to G.S. 1-52(1). *Fulp v. Fulp,* 264 N.C. 20, 140

S.E. 2d 708 (1965). Since payment was made on the judgment in March 1960, W. C. Garner's right to sue for indemnity expired in March 1963. And since the defendant, H. F. Garner died in 1965, G.S. 1-22 does not apply to save the action. The three-year statute of limitation was an effective bar to this action.

We do not pass on the interesting point as to the effect of the assignment of all beneficial interest in the judgment by W. C. Garner to Reece Trotter, the judgment creditor, and the consequent extinguishment of the judgment since Reece Trotter had been paid in 1960.

There was no dispute as to the facts involved. Since there was not presented any genuine issue as to any material fact and upon the facts established defendant is entitled to judgment as a matter of law, summary judgment for the defendant was proper. *Schoolfield v. Collins*, 12 N.C. App. 106, 182 S.E. 2d 648 (1971).

No error.

Chief Judge MALLARD and Judge BRITT concur in the result.