GELDER AND ASSOCIATES, INC. v. AMY E. HUGGINS, EXECUTRIX OF THE
ESTATE OF C. J. HUGGINS, DECEASED

No. 8010DC889

(Filed 2 June 1981)

1. Contracts § 27.1— contract with individual or corporation—question of
fact—summary judgment improper

In an action by plaintiff to recover the costs of paving a parking lot, the
trial court erred in entering summary judgment for defendant where a ques-
tion of fact existed as to whether defendant's deceased husband, as an in-
dividual, owed plaintiff the amount due on the paving contract or whether the
obligation was that of a realty company bearing the same name as defendant's
husband.

2. Executors and Administrators § 19.1— claim against estate—claim not barred
by statute of limitations

Plaintiff's complaint did not show on its face that plaintiff's claim for the
costs of paving a parking lot was barred by G.S. 1-52(1) or any other applicable
statute of limitations since plaintiff's alleged claim against defendant's deceas-
ed husband arose on 30 June 1976, some time before the husband's death, and
was viable at his death; notice of the claim was given within six months after
qualification of the executrix; and the suit was begun within three months
after notice of rejection of the claim was given to plaintiff in writing. G.S. 1-22;
G.S. 28A-19-3; G.S. 28A-19-16.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered
23 May 1980 in District Court, WAKE County. Heard in the Court
of Appeals 1 April 1981.

Plaintiff brought this action on 9 August 1979 to recover the
costs of paving a parking lot, alleging in pertinent part the follow-
ing:

1. C. J. Huggins, deceased, became indebted to plaintiff, a
   North Carolina corporation, for the paving of a parking lot.

2. The cost of the paving was in the amount of $1,452.60 as
   evidenced by an invoice dated 30 June 1976 and sent to C.
   J. Huggins, although addressed to Huggins Realty Com-
   pany in Cary.

3. Plaintiff filed a notice of claim with the executrix of C. J. Huggins' estate, Amy Huggins, which claim was filed within the time allowed by law. The notice is incorporated into plaintiff's complaint by reference and states that C. J. Huggins owed plaintiff the disputed sum.

4. The claim was denied by Huggins' estate on 26 July 1979.

Plaintiff prayed that the court grant it relief against defendant in the amount of $1,452.60.

On 12 October 1979, defendant denied the material allegations of the complaint, moved for dismissal for failure to state a claim pursuant to G.S. 1A-1, "Rule 12(d)(6)" [sic], and alleged that plaintiff's action was barred by the statute of limitations, specifically G.S. 1-52(1). Later, defendant moved for summary judgment on the ground that the complaint showed on its face that "the obligation, if any there be," was that of Huggins Realty Company and not the obligation of C. J. Huggins, his estate, or his executrix. Defendant also asserted in support of her motion that the complaint shows on its face that the alleged obligation arose no later than 30 June 1976 and that plaintiff's claim for relief is barred by G.S. 1-52(1) or other applicable statutory provisions. In support of her motion, defendant filed a statement by the Secretary of State certifying that Huggins Real Estate Service Company was incorporated on 1 August 1969 and is an active corporation in good standing.

Plaintiff filed two opposing affidavits. In the first, C. W. Gelder, president of plaintiff corporation, swore that in performing the paving work he dealt with C. J. Huggins individually, was never informed that any corporation existed and never dealt with any corporation. In the second affidavit, plaintiff's attorney swore that he had thoroughly searched the records of the Secretary of State and found that no corporation by the name of Huggins Realty Company existed on 30 June 1976, at the time complaint was filed, or at any time set forth in the complaint.

The trial court, being of the opinion that there was no genuine issue as to any material issue of fact and that defendant was entitled to a judgment as a matter of law, allowed defendant's motion for summary judgment. Plaintiff appeals.

*Edgar R. Bain for plaintiff appellant.*

*Seay, Rouse, Johnson, Harvey & Bolton, by Ronald H. Garber, for defendant appellee.*

HILL, Judge.

The party moving for summary judgment, defendant in this case, has the burden of " 'clearly establishing the lack of any triable issue of fact by the record properly before the court.' " *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 470, 251 S.E. 2d 419 (1979). Movant may carry his burden

> 'by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim. If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing.' (Citation omitted.) *Id.* at p. 470.

Two things are apparent after reading the authority cited above. First, the court will not decide an issue of fact when a motion for summary judgment is made. Second, before an opponent can be required to give a forecast of evidence, the movant must give a forecast which, when considered alone, is sufficient to compel a verdict or finding in his favor on the claim or defense. *Id.* at p. 470.

By applying the principles stated above, we now determine the propriety of the trial court's grant of summary judgment in defendant's favor. Two inquiries must be made.

[1] Did C. J. Huggins, *as an individual,* owe plaintiff the amount due on the paving contract? This is the question of fact that would have to be determined in the affirmative in order for plaintiff to prevail on his cause of action.

In her motion for summary judgment, defendant asserts that the complaint shows on its face that the obligation, if any, was that of Huggins Realty Company and not that of C. J. Huggins. In a supporting document, defendant shows that Huggins Real Estate Service Company is an active North Carolina corporation in good standing. This is not the kind of forecast which is sufficient to show there is no issue of fact, thus compelling a finding in

defendant's favor, or compel plaintiff-opponent to make a forecast. The complaint clearly states that Huggins owed the debt, even if the attached invoice is addressed to Huggins Realty.

Assuming arguendo that defendant-movants' forecast was sufficient, we believe that plaintiff successfully opposed summary judgment in defendant's favor with his forecast of evidence. Plaintiff established by affidavit that its president dealt at all times with C. J. Huggins individually and that at no time was the president informed there was any corporation whatsoever. By further affidavit, plaintiff showed that despite the fact that its invoice was addressed to Huggins Realty Company, no corporation by that name existed at any relevant time. Regarding plaintiff-opponent's papers indulgently, as we must, we find that whether C. J. Huggins contracted individually with plaintiff is a triable issue of fact.

[2]   Does the complaint show on its face that plaintiff's claim for relief is barred by G.S. 1-52(1) or any other applicable statute of limitations?

The alleged claim against C. J. Huggins arose on 30 June 1976, some time before his death, and was viable at his death. *See* G.S. 1-52(1).

G.S. 1-22 provides in pertinent part that:

If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative or collector after the expiration of that time; provided, the action is brought or notice of the claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in G.S. 28A-19-3 . . .

G.S. 28A-19-3 provides:

(a) All claims . . . founded on contract, . . . which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1 are forever barred against the estate . . ..

\* \* \*

(c) No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim is presented within the period provided by subsection (a) hereof.

G.S. 28A-19-16 provides:

If a claim is presented to and rejected by the personal representative or collector, . . . the claimant must, within three months, after due notice in writing of such rejection, or after some part of the claim becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon.

Plaintiff's claim clearly falls within the provisions of the foregoing statutes. It was not barred at the date of death of C. J. Huggins. Notice was given within six months after qualification of the executrix. The suit was begun within three months after notice of rejection in writing.

The motion granting summary judgment is reversed, and this cause is remanded to the superior court for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.