LASSITER v. FAISON

[111 N.C. App. 206 (1993)]

PERCY McALLIE LASSITER, PLAINTIFF-APPELLANT v. BUSTER FAISON, AD-
MINISTRATOR OF THE ESTATE OF VIVIAN I. WALDEN, DEFENDANT-APPELLEE

No. 926SC693

(Filed 20 July 1993)

**Limitations, Repose, and Laches § 126 (NCI4th)— personal injury
action against decedent's estate—statute of limitations**

Plaintiff's personal injury claim against a deceased driver's
estate was not barred by the three-year statute of limitations
of N.C.G.S. § 1-52 where it was filed more than three years
after the cause of action accrued but less than six months
after defendant was appointed as administrator of the estate,
and no notice to creditors of the estate had been published
at the time plaintiff's action was commenced. N.C.G.S. §§ 1-22,
28A-19-3, 28A-14-1.

**Am Jur 2d, Limitation of Actions §§ 194-196.**

Appeal by plaintiff from judgments entered 18 February 1992
and 2 March 1992 in Northampton County Superior Court by Judge
Cy A. Grant. Heard in the Court of Appeals 27 May 1993.

On 12 July 1988, plaintiff was riding as a passenger in a vehicle
owned by himself and driven by Felix Taylor when plaintiff's ve-
hicle collided with an automobile driven by Vivian I. Walden. Plain-
tiff, Mr. Taylor, and Ms. Walden each sustained bodily injuries.
Sometime after the crash that same day, Ms. Walden died as a
result of her injuries.

At the time of the collision, Ms. Walden's vehicle's liability
insurance policy was issued by the Interstate Casualty Insurance
Company (Interstate). Subsequent to the collision, Interstate was
declared insolvent, and, on 5 March 1990, an order of rehabilitation
was entered in Wake County Superior Court. The North Carolina
Insurance Guaranty now occupies the position of Interstate as liability
insurer of Ms. Walden. Plaintiff's automobile was insured by In-
tegon General Insurance Corporation (Integon). Plaintiff's policy
with Integon included uninsured motorist coverage.

On 26 June 1991, the Clerk of Northampton County Superior
Court appointed Buster Faison as Administrator of the Walden
estate. On 18 October 1991, plaintiff filed a personal injury action
against Mr. Faison, as Administrator of Vivian Walden's estate,

seeking damages for the injuries he suffered in the 12 July 1988 crash. On 5 November 1991, Integon, as plaintiff's uninsured motorist insurance carrier, appeared as an unnamed party and filed a motion to dismiss plaintiff's claim, contending that because more than three years had passed between the time the cause of action arose and the time plaintiff filed his complaint, plaintiff's action was barred by the applicable statute of limitations. On 2 December 1991, Administrator Faison filed a motion to dismiss, also pleading the bar of the statute of limitations.

During the 10 February 1992 session of the Northampton County Superior Court, Judge Grant heard defendants' motions to dismiss. Disposing of defendants' motions to dismiss as motions for summary judgment, Judge Grant found that plaintiff's cause of action against the Walden estate was barred by the applicable statute of limitations and entered summary judgments in favor of both Administrator Faison and Integon. Plaintiff filed notice of appeal from both summary judgment orders on 6 March 1992.

*Felton Turner, Jr. for plaintiff-appellant.*

*Battle, Winslow, Scott & Wiley, P.A., by J. McLain Wallace, Jr., for defendant-appellee Faison.*

*Baker, Jenkins, Jones & Daly, P.A., by Robert C. Jenkins and Roger A. Askew, for defendant-appellee Integon General Insurance Corporation.*

WELLS, Judge.

On appeal, plaintiff contends that the trial court committed error by concluding that plaintiff's claim was barred by the applicable statute of limitations and granting summary judgment in favor of defendants. We agree.

In the case at bar, plaintiff's cause of action arose against Vivian I. Walden on 12 July 1988. Buster Faison was appointed Administrator of the Walden estate on 26 June 1991. Plaintiff filed his complaint against the Walden estate on 18 October 1991, three years and three months after his cause of action arose but less than six months after Faison's appointment as Administrator. At the time plaintiff's action was commenced, no notice to creditors had been published for the Walden estate.

Unless otherwise provided for by statute, N.C. Gen. Stat. § 1-52 prescribes a three-year statute of limitations for personal injury cases. In cases where plaintiff's personal injury action arose against a living person who became deceased before the general three-year statute of limitations had run, N.C. Gen. Stat. § 1-22, provides in pertinent part:

§ **1-22. Death before limitation expires; action by or against personal representative or collector.**

. . .

If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative or collector after the expiration of that time; provided, the action is brought or notice of the claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in G.S. 28A-19-3.

N.C. Gen. Stat. § 1-22 modifies the operation of the general three-year statute of limitations applicable to plaintiff's claim to comport with that "time specified for the presentation of claims in G.S. 28A-19-3." In *Ingram v. Smith*, 16 N.C. App. 147, 191 S.E.2d 390, *cert. denied*, 282 N.C. 304, 192 S.E.2d 195 (1972), this Court considered § 1-22 and wrote:

[1] G.S. 1-22 is an enabling not a disabling statute. It means that if at the time of the death of the debtor the claim is not barred, action may be brought within one year after the grant of letters to the personal representative in those cases which, in regular course, but for the interposition of this section, the claim would become barred in less time than one year from such grant. *Benson v. Bennett*, 112 N.C. 505, 17 S.E. 432 (1893).

G.S. 1-22 was not intended to be a restriction on the statute of limitations so that a claim should become barred by the lapse of a year from the grant of letters, where, in regular course, but for this section, it would not be barred until a later date. *Benson v. Bennett, supra.*

[2] In addition, in counting the time of the statute of limitations, where the debtor is deceased, the time from his death until

LASSITER v. FAISON

[111 N.C. App. 206 (1993)]

the appointment of the personal representative is *not included*, provided that the estate is administered within ten years after the death. *Humphrey v. Stephens*, 191 N.C. 101, 131 S.E. 383 (1925); *Prentzas v. Prentzas*, 260 N.C. 101, 131 S.E.2d 678 (1963).

In *Hodge v. Perry*, 255 N.C. 695, 122 S.E.2d 677 (1961), our Supreme Court held:

"The general rule is unquestionably that when the 'statute of limitations once begins to run nothing stops it.' But the statute (Revisal, sec. 367) has made an exception where a party dies. It provides that if the debt is not barred at the time of the debtor's death, action can be brought against his personal representative (if the cause of action survive), though the period of limitation has then elapsed, if within one year after issuing of letters of administration." *Matthews v. Peterson*, 150 N.C. 134, 63 S.E. 721; *Irvin v. Harris*, 182 N.C. 656, 109 S.E. 871; s. c., 184 N.C. 547, 114 S.E. 818; *Humphrey v. Stephens*, 191 N.C. 101, 131 S.E. 383, and cases cited therein; *Winslow v. Benton*, 130 N.C. 58, 40 S.E. 840; *Benson v. Bennett*, 112 N.C. 505, 17 S.E. 432.

Having instituted this action against the administrator within one year after his qualification, plaintiff's right to recover is the same as if he had instituted the action against the decedent immediately preceding his death. The respective rights of the parties are fixed as of the date of decedent's death; and, in respect of the statute of limitations, the interval between decedent's death and the institution of the action has no legal significance.

The court below correctly ruled that plaintiff, if entitled to recover, was entitled to recover for the services rendered by her during the three years immediately preceding the decedent's death.

See also *Gelder & Assoc., Inc. v. Huggins*, 52 N.C. App. 336, 278 S.E.2d 295 (1981).

G.S. § 1-22 directs us to G.S. § 28A-19-3, which reads in pertinent part:

§ 28A-19-3. **Limitations on presentation of claims.**

(a) All claims against a decedent's estate which arose before the death of the decedent, . . . founded on contract, tort,

or other legal basis, which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a) or in those cases requiring the delivery or mailing of notice as provided for in G.S. 28A-14-1(b), within 90 days after the date of the delivery or mailing of the notice if the expiration of said 90-day period is later than the date specified in the general notice to creditors, are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent. Provided further, if the expiration of said 90-day period is later than the date specified in the general notice to creditors, the notice delivered or mailed to each creditor, if any, shall be accompanied by a statement which specifies the deadline for filing the claim of the affected creditor.

On 12 July 1988, the date this action arose, N.C. Gen. Stat. § 28A-14-1 read in pertinent part as follows:

### § 28A-14-1. Notice for claims.

(a) Every personal representative and collector within 20 days after the granting of letters shall notify all persons, firms and corporations having claims against the decedent to present the same to such personal representative or collector, on or before a day to be named in such notice, which day must be a[t] least six months from the day of the first publication or posting of such notice. The notice shall set out a mailing address for the personal representative or collector. The notice shall be published once a week for four consecutive weeks in a newspaper qualified to publish legal advertisements, if any such newspaper is published in the county. . . . When any collector or personal representative of an estate has published or mailed the notice provided for by this section, no further publication or mailing shall be required by any other collector or personal representative.

(b) Every personal representative and collector within 90 days after the granting of letters shall send by first class mail to the last known address a copy of the notice required by subsection (a) of this section to all persons, firms, and corporations having unsatisfied claims against the decedent who are actually known or can be reasonably ascertained by the personal representative or collector within 90 days.

Applying the foregoing statutes to the case at bar, and considering the fact that no notice of claims was published by the personal representative of the Vivian I. Walden estate previous to plaintiff's filing of this action, it is clear that plaintiff's claim was not barred by the three-year statute of limitations set out in G.S. § 1-52 and that the trial court erred by granting summary judgment for defendants.

Reversed and remanded.

Judges COZORT and JOHN concur.