MABRY v. HUNEYCUTT

[149 N.C. App. 630 (2002)]

———

RALPH WARREN MABRY, SR., Plaintiff v. PATRICIA GALE HUNEYCUTT, Executor of the Estate of Mabon Furr Kimrey, Deceased, Defendant

No. COA01-686

(Filed 2 April 2002)

**1. Estates— negligence action against—statute of limitations**

The trial court erred by dismissing a motor vehicle negligence action against the executrix of an estate where the three

year statute-of-limitations would have barred the action, but the driver died before the limitations period expired. Plaintiff is permitted to commence the action against the driver's personal representative or collector, but the claim must be presented by the date specified in the general notice to creditors and the record here does not establish whether defendant ever published or posted a general notice to creditors. Her failure to establish that she complied with the statutory requirements for notice to creditors precludes reliance on the statute of limitations. Furthermore, plaintiff filed the complaint prior to the earliest deadline which the executrix could have specified in the notice to creditors and within the outside time limitation established by N.C.G.S. § 28A-19-3(f) of three years after the driver's death. N.C.G.S. §§ 28A-19-3, 28A-14-1(a).

**2. Estates— summary administration for widow—widow not automatically the representative**

The fact that the clerk of superior court entered an order that the widow of a deceased was entitled to summary administration did not result in the widow becoming the personal representative; when a court enters an order that a surviving spouse is entitled to summary administration, the spouse does not necessarily thereby attain the status of representative or collector of the estate.

Appeal by plaintiff from an order entered 9 April 2001 by Judge Catherine Eagles in Stanly County Superior Court. Heard in the Court of Appeals 20 February 2002.

*Poyner & Spruill, L.L.P., by E. Fitzgerald Parnell, III, Rebecca B. Wofford and Megan L. Tedrick; Morton, Grigg and Phillips, LLP, by Ernest H. Morton, Jr., for plaintiff-appellant.*

*John W. Webster and Morris York Williams Surles & Barringer, LLP, by John P. Barringer, for defendant-appellee.*

HUNTER, Judge.

Ralph Warren Mabry, Sr. ("plaintiff") appeals the trial court's 9 April 2001 order dismissing this action as barred by the applicable statute of limitations. We hold that this action is not barred by the applicable statute of limitations, and we therefore reverse and remand for further proceedings.

In reviewing the grant of a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule 12(b)(6)"), the allegations in the complaint are treated as true. *Cage v. Colonial Building Co.*, 337 N.C. 682, 683, 448 S.E.2d 115, 116 (1994). Plaintiff's complaint and the record present the following facts.

On 27 June 1997, Mabon Furr Kimrey ("Mr. Kimrey") was operating a motor vehicle and negligently caused the vehicle to strike plaintiff causing injuries to plaintiff. Mr. Kimrey subsequently died on 7 November 1997 from causes unrelated to the accident. Mr. Kimrey's widow, Bertha H. Kimrey ("Mrs. Kimrey"), filed an application for probate and petition for summary administration of Mr. Kimrey's estate pursuant to N.C. Gen. Stat. § 28A-28-1 (1999). On 26 November 1997, the Clerk of Superior Court for Stanly County issued an order for summary administration to Mrs. Kimrey.

On 26 June 2000, plaintiff filed a complaint against Mrs. Kimrey individually, and as the personal representative of Mr. Kimrey's estate, seeking damages for injuries sustained in the car accident. On 25 August 2000, Mrs. Kimrey filed an answer in which she specifically denied that she was the personal representative of Mr. Kimrey's estate. Plaintiff then filed a "Notice of Dismissal Without Prejudice" on 18 October 2000 pursuant to Rule 41 of the North Carolina Rules of Civil Procedure.

Also on 18 October 2000, upon application by plaintiff, Patricia Gale Huneycutt ("defendant") was issued Letters Testamentary in the matter of the estate of Mr. Kimrey. Two days later, on 20 October 2000, plaintiff filed the present action against defendant as Executrix of the Estate of Mr. Kimrey. The complaint was served upon defendant on 24 October 2000. On 27 December 2000, defendant filed an answer, including a motion to dismiss plaintiff's claim as barred by the applicable statute of limitations. On 23 March 2001, after a hearing on the motion to dismiss, the trial court entered an order dismissing the claim pursuant to Rule 12(b)(6) as barred by the statute of limitations. Plaintiff appeals. On appeal, plaintiff aptly argues, and we agree, that a proper construction and application of the pertinent statutes leads to the clear conclusion that plaintiff's claim is not barred by the statute of limitations.

[1] Personal injury actions are governed by the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52 (1999). *See, e.g., Lassiter v. Faison*, 111 N.C. App. 206, 208, 432 S.E.2d 373, 374, *disc. review*

*denied,* 335 N.C. 176, 436 S.E.2d 381 (1993). However, when the person against whom a personal injury action may be brought dies prior to the running of this three-year period, N.C. Gen. Stat. § 1-22 (1999) may become applicable. *See id.* That statute provides, in pertinent part:

> If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative or collector after the expiration of that time; provided, the action is brought or notice of the claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in G.S. 28A-19-3.

N.C. Gen. Stat. § 1-22. N.C. Gen. Stat. § 1-22 is an enabling statute in the sense that, if the conditions of the statute are satisfied, the statute allows an action to be commenced despite the fact the generally applicable three-year period has expired. *See Lassiter,* 111 N.C. App. at 208, 432 S.E.2d at 374.

The statute referenced in N.C. Gen. Stat. § 1-22, namely N.C. Gen. Stat. § 28A-19-3, requires that a claim against a decedent's estate, which arose before the death of the decedent, must be "presented to the personal representative or collector . . . by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a)." N.C. Gen. Stat. § 28A-19-3(a) (1999).

N.C. Gen. Stat. § 28A-14-1(a) (1999) provides, in pertinent part:

> Every personal representative and collector after the granting of letters shall notify all persons, firms and corporations having claims against the decedent to present the same to such personal representative or collector, on or before a day to be named in such notice, which day must be at least three months from the day of the first publication or posting of such notice.

N.C. Gen. Stat. § 28A-14-1(a).

In the present case, the accident and alleged personal injuries in question occurred on 27 June 1997. N.C. Gen. Stat. § 1-52 would bar a personal injury action arising out of this accident after three years, or as of 27 June 2000. However, Mr. Kimrey died on 7 November 1997, at which time the three-year limitations period had not yet expired. Plaintiff's cause of action against Mr. Kimrey survived Mr. Kimrey's

death, *see* N.C. Gen. Stat. § 28A-18-1 (1999), and thus, pursuant to N.C. Gen. Stat. § 1-22, plaintiff is permitted to commence this cause of action against Mr. Kimrey's personal representative or collector, provided that either (1) it is brought within the time specified for the presentation of claims in N.C. Gen. Stat. § 28A-19-3, or (2) notice of the claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in N.C. Gen. Stat. § 28A-19-3.

As noted above, N.C. Gen. Stat. § 28A-19-3(a) requires that a claim against a decedent's estate which arose before the death of the decedent must be "presented to the personal representative or collector . . . by the date specified in the general notice to creditors as provided for in G.S. 28A-14-1(a)," and N.C. Gen. Stat. § 28A-14-1(a) provides that the absolute earliest "deadline" date which may be specified by the personal representative or collector in the general notice to creditors is "three months from the day of the first publication or posting of such notice." N.C. Gen. Stat. § 28A-14-1(a).

In the first place, we note that the record does not establish whether defendant has ever published or posted a general notice to creditors. Where an administrator or executor fails to establish that she has complied with the notice requirements set forth in N.C. Gen. Stat. § 28A-14-1, the administrator or executor may not plead the statute of limitations in N.C. Gen. Stat. § 28A-19-3(a) as a bar because "[t]he time limitations for presentation of claims provided in G.S. 28A-19-3(a) will not aid an executor or administrator who fails to observe its requirements." *Anderson v. Gooding*, 300 N.C. 170, 174, 265 S.E.2d 201, 204 (1980); *see also Lee v. Keck*, 68 N.C. App. 320, 329-30, 315 S.E.2d 323, 329, *disc. review denied*, 311 N.C. 401, 319 S.E.2d 271 (1984). Thus, defendant's failure to establish in the record that she complied with the requirements of N.C. Gen. Stat. § 28A-18-3(a) regarding general notice to creditors precludes defendant from relying upon the statute of limitations as a bar.

Furthermore, although the record fails to disclose if or when defendant published or posted notice to creditors, the earliest date at which she could have published or posted such notice would be the day she qualified as the personal representative of Mr. Kimrey's estate, which was 18 October 2000. Assuming *arguendo* that she did publish or post notice to creditors on this date, the earliest "deadline" date which she could have specified in such notice would have been 18 January 2001 (or three months from 18 October 2000), pursuant to N.C. Gen. Stat. § 28A-14-1(a).

Plaintiff filed this complaint on 20 October 2000, and defendant was served with the complaint on 24 October 2000, both dates clearly falling before the earliest possible "deadline" date of 18 January 2001. Further, both dates were within three years of Mr. Kimrey's death, thus complying with the outside time limitation established by N.C. Gen. Stat. § 28A-19-3(f) (all claims barrable under subdivisions (a) and (b) are barred if first publication or posting of general notice to creditors under N.C. Gen. Stat. § 28A-14-1 does not occur within three years from death of decedent). Thus, plaintiff satisfied the time requirements established by N.C. Gen. Stat. § 28A-19-3 and N.C. Gen. Stat. § 28A-14-1(a), and, therefore, plaintiff complied with the conditions established by N.C. Gen. Stat. § 1-22. As a result, plaintiff's claim is not barred by the statute of limitations, and the trial court erred in dismissing the claim on this basis.

Without citing any authority, defendant appears to argue that this action was properly dismissed because: (1) the Clerk of Superior Court for Stanly County issued an order for summary administration to Mrs. Kimrey on 26 November 1997; (2) the deadline for plaintiff to have presented his claim should be calculated from this date; (3) plaintiff failed to present a claim within the permissible period as calculated from this date; and (4) plaintiff voluntarily dismissed the first action against Mrs. Kimrey. We disagree.

[2] All of the statutes discussed above (N.C. Gen. Stat. §§ 1-22, 28A-19-3(a), and 28A-14-1(a)) refer to the actions of the "personal representative" or "collector" of the estate. As astutely explained by plaintiff in his brief, when a court enters an order that a surviving spouse is entitled to summary administration pursuant to N.C. Gen. Stat. § 28A-28-1, the surviving spouse does not necessarily thereby attain the status of the personal representative or collector of the decedent's estate. The statutory scheme clearly contemplates that these roles are separate and distinct. *See* N.C. Gen. Stat. §§ 28A-28-2(a)(8), 28A-28-3, 28A-28-7 (1999). Thus, the fact that the clerk of superior court entered an order that Mrs. Kimrey was entitled to summary administration did not thereby result in Mrs. Kimrey becoming the personal representative of Mr. Kimrey's estate.

Moreover, Mrs. Kimrey in her answer to plaintiff's original complaint specifically denied that she was the personal representative of Mr. Kimrey's estate. As a result, plaintiff prudently dismissed his original complaint against Mrs. Kimrey, and, after the court issued Letters Testamentary to defendant upon plaintiff's application, plaintiff

timely filed the present action against defendant, who specifically admitted in her answer that she is the personal representative of Mr. Kimrey's estate. For these reasons, we reject defendant's argument.

We reverse and remand for further proceedings.

Reversed and remanded.

Judges WALKER and BRYANT concur.