ANGELA SHAW, Plaintiff-Appellant v. WILLIAM J. MINTZ, Defendant-Appellee

No. COA01-561

(Filed 18 June 2002)

**Estates— statute of limitations—claim against deceased—no personal representative appointed**

The trial court did not err by dismissing a negligence claim which arose from an automobile collision where plaintiff was not aware that defendant had died, plaintiff filed a complaint against defendant, and the trial court concluded both that the correct party was the estate and that any action against the estate was barred by the statute of limitations. Although N.C.G.S. § 1-22 allows for a suspension of the statute of limitations between the period from the death of the decedent to the appointment of an administrator, no suspension can occur until a personal representative is appointed.

Judge Greene dissenting.

Appeal by plaintiff from an order filed 13 February 2001 by Judge Gregory A. Weeks in Superior Court, Cumberland County. Heard in the Court of Appeals 12 March 2002.

*Marshall B. Pitts, Jr. for plaintiff-appellant.*

*Walker, Clark, Allen, Herrin & Morano, L.L.P., by Scott T. Stroud, for defendant-appellee.*

McGEE, Judge.

Angela Shaw (plaintiff) appeals an order filed 13 February 2001 dismissing her claim against William J. Mintz (defendant) and barring any action she may seek to file against the estate of defendant (the Estate), based on the statute of limitations.

An automobile collision occurred on 3 November 1997 between the vehicle driven by defendant and a vehicle in which plaintiff was a

passenger. Unbeknownst to plaintiff, defendant died on 2 July 1998. Plaintiff filed a complaint against defendant on 5 August 1999, alleging she suffered injuries in the 3 November 1997 incident as a proximate result of defendant's negligence. Plaintiff's complaint was served by certified mail at defendant's last known address with restricted delivery and return receipt requested. The return receipt shows plaintiff's complaint was received on 16 August 1999 at 4789 Mint Hill Drive, Liberty, North Carolina. Plaintiff filed an affidavit and proof of service by registered or certified mail on 29 June 2000, stating she had served defendant at the above address and the summons and complaint had been received by defendant.

Allstate Insurance Company (Allstate) filed a motion to intervene on 4 December 2000, stating it had provided defendant with liability insurance coverage on his vehicle and due to defendant's death and unavailability, it was necessary that Allstate intervene. In its answer and motion to dismiss, Allstate alleged plaintiff's claim was "barred by the applicable statute or statutes of limitation[.]"

In its order granting Allstate's motion to intervene and motion to dismiss, the trial court found as fact that:

7. The correct party to be sued in this case was the Estate . . . .

8. In that no lawsuit was filed naming the Estate . . . as a defendant in this action, . . . any action against the Estate . . . is now barred by the statute of limitations.

Consistent with its findings of fact, the trial court concluded that any action against the Estate would be barred by the three-year statute of limitations and dismissed the action against defendant.

The dispositive issue in this case is whether a personal representative must be appointed to administer the estate of a negligent decedent before a plaintiff is entitled to the N.C. Gen. Stat. § 1-22 suspension of the three-year statute of limitations in her claim against the estate.

N.C. Gen. Stat. § 1-22 (1999) states:

If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative or collector after the expiration of that time; provided, the action is brought or notice

of the claim upon which the action is based is presented to the personal representative or collector within the time specified for the presentation of claims in G.S. 28A-19-3.

Although N.C.G.S. § 1-22 allows for a suspension of the statute of limitations between the period from the death of the decedent and the appointment of an administrator, N.C.G.S. § 1-22 is not applicable to the case before us. Our Supreme Court stated in *Ragan v. Hill*, 337 N.C. 667, 447 S.E.2d 371 (1994), that "our statutory scheme for handling claims against decedents' estates presumes the appointment of a personal representative or collector to receive those claims. We do not believe that the legislature intended the non-claim statute to operate where no personal representative or collector has been appointed." *Id.* at 673, 447 S.E.2d at 375. In *Ragan*, our Supreme Court focused on N.C. Gen. Stat. § 28A-19-3 and did not specifically refer to N.C.G.S. § 1-22. However, N.C.G.S. § 1-22 also presumes an administrator has been appointed. The title of N.C.G.S. § 1-22 reads "Death before limitation expires; action by or against personal representative or collector[,]" in part indicating the General Assembly intended the statute to apply only when a personal representative has been appointed. N.C.G.S. § 1-22 also requires that an action be brought in compliance with the time specified for the presentation of claims in N.C. Gen. Stat. § 28A-19-3 (1999).

Given these provisions, we hold that no suspension of the statute of limitations can occur until a personal representative is appointed to administer an estate. If such an appointment occurs before the expiration of the statute of limitations, N.C.G.S. § 1-22 allows the time limit within which to file an action against an estate to be extended according to N.C.G.S. § 28A-19-3. However, if a personal representative is not appointed, these two statutes are not activated, and the claim is subject to the traditional statute of limitations that applies to the particular cause of action.

*Ragan* anticipated such a set of facts. Our Supreme Court stressed that a "cause of action may be barred by either or both [N.C. Gen. Stat. § 28A-19-3 or N.C. Gen. Stat. § 1-52(5)]." *Ragan*, 337 N.C. at 671, 447 S.E.2d at 374. Our Supreme Court also noted "that claimants who, like plaintiffs, find no personal representative to whom they may present their claims are not without some time limitations on actions to recover on their claims. As noted above, any action filed in a court of law will be subject to the applicable statute of limitations." *Ragan* at 673, 447 S.E.2d at 375.

**SHAW v. MINTZ**

[151 N.C. App. 82 (2002)]

The dissent relies on *Prentzas v. Prentzas*, 260 N.C. 101, 131 S.E.2d 678 (1963), and *Lassiter v. Faison*, 111 N.C. App. 206, 432 S.E.2d 373, *disc. review denied*, 335 N.C. 176, 436 S.E.2d 381 (1993), for the proposition that "[i]f no representative or collector is appointed and thus no notice given for the presentation of claims against the estate, the time for the filing of the claim against the estate of the negligent decedent remains suspended." We note, however, that *Prentzas* and *Lassiter* can be distinguished from the present case. In both *Prentzas* and *Lassiter*, an administrator of the estate was appointed before the applicable statute of limitations expired, thus activating N.C.G.S. § 1-22 and the corresponding statute dealing with the administration of estates. (N.C.G.S. § 28A replaced former N.C.G.S. § 28 in 1973; therefore, *Prentzas* was decided under former Chapter 28, while *Lassiter* was decided under current Chapter 28A.).

Furthermore, we do not read *Prentzas* or *Lassiter* as supporting the proposition that the applicable statute of limitations is suspended by the death of the decedent *indefinitely* until an administrator is appointed. The better practice, and the practice articulated in *Ragan*, is to allow the statute of limitations to be suspended between the death of the decedent and the appointment of an administrator, provided an administrator is appointed within the original applicable statute of limitations. Otherwise, a person wishing to bring a cause of action against a decedent must still be concerned with the statute of limitations applicable to his or her cause of action. This holding is in agreement with both *Prentzas* and *Lassiter*, as well as previously decided cases. *See Benson v. Bennett*, 112 N.C. 505, 17 S.E. 432 (1893); *Hodge v. Perry*, 255 N.C. 695, 122 S.E.2d 677 (1961); *Ingram v. Smith*, 16 N.C. App. 147, 191 S.E.2d 390, *cert. denied*, 282 N.C. 304, 192 S.E.2d 195 (1972). *Benson, Hodge*, and *Ingram* relied on N.C.G.S. § 1-22, but an administrator was appointed before the applicable statute of limitations had expired in those cases.

In the case before us, plaintiff's cause of action accrued on 3 November 1997. Defendant died on 2 July 1998. Plaintiff filed a lawsuit on 5 August 1999 against defendant, but not against defendant's estate. Plaintiff has failed to provide any evidence in the record that an administrator was ever appointed in the estate of defendant, or that an action was filed against decedent's estate. As a result, the applicable statute of limitations expired 3 November 2000 and was at no time suspended upon the appointment of an administrator. Therefore, the trial court did not err in dismissing plaintiff's claim, and we affirm the order of the trial court.

Affirmed.

Judge CAMPBELL concurs.

Judge GREENE dissents with a separate opinion.

GREENE, Judge, dissenting.

I do not believe N.C. Gen. Stat. §§ 1-22 and 28A-19-3 require a personal representative to be appointed before a plaintiff is entitled to a section 1-22 suspension of the statute of limitations in her claim against an estate. I, therefore, dissent.

An injured party's right to proceed with a claim against a person she claims to have negligently caused her injuries is not abated by the death of the party alleged to have been negligent, as the action survives against the personal representative or collector of the decedent's estate. N.C.G.S. § 28A-18-1 (2001). If the death occurs "before the expiration" of the applicable statute of limitations, the "action may be commenced against [the] personal representative or collector after the expiration" of that time period; this is so "provided[] the action is brought . . . within the time specified for the presentation of claims in G.S. 28A-19-3." N.C.G.S. § 1-22 (2001). A claim is timely presented, within the meaning of section 28A-19-3(a),[1] if an action is filed in the courts within a specified period of time after the personal representative or collector provides notice pursuant to section 28A-14-1. N.C.G.S. § 28A-19-1(b) (2001). If no representative or collector is appointed and thus no notice given for the presentation of claims against the estate, the time for the filing of the claim against the estate of the negligent decedent remains suspended. *Prentzas v. Prentzas*, 260 N.C. 101, 103, 131 S.E.2d 678, 680 (1963) ("death suspended the running of the statute [of limitations] until the qualification of an administratrix"); *Lassiter v. Faison*, 111 N.C. App. 206, 211, 432 S.E.2d 373, 375-76 (a plaintiff is entitled to the benefit of the statute of limitations extension where no notice of claims was published by personal representative pursuant to section 28A-14-1), *disc. review denied*, 335 N.C. 176, 436 S.E.2d 381 (1993); *see Ragan v. Hill*, 337 N.C. 667, 673, 447 S.E.2d 371, 375 (1994) (section 28A-19-3 does not "operate where no personal representative or collector has been appointed"); *see also Mabry v. Huneycutt*, 149 N.C. App. 630, 634, 562

---

1. North Carolina General Statutes § 28A-19-3(a) is the applicable section in this case because the negligent act supporting the claim at issue "arose before the death of the decedent." *See* N.C.G.S. § 28A-19.3(a) (2001).

S.E.2d 292, 294 (2002) (an administrator's "failure to establish in the record that she complied with the requirements of N.C. Gen. Stat. § 28A-18-3(a) regarding general notice to creditors precludes [a] defendant from relying upon the statute of limitations as a bar").[2]

In this case, the pleadings reveal plaintiff's negligence action accrued on 3 November 1997 and defendant died on 2 July 1998. At the time of defendant's death, the applicable three-year statute of limitations had not expired. *See* N.C.G.S. § 1-52(16) (2001). Plaintiff filed an action against defendant and has not filed an action against the Estate. The pleadings do not reveal whether a personal representative or collector has been appointed for the Estate or, if so, whether there have been section 28A-14-1 notifications to those having claims against the Estate.[3] This record, therefore, cannot support the trial court's order that any future action by plaintiff against the Estate arising out of the accident occurring on 3 November 1997 is necessarily barred by the statute of limitations.[4]

2. I agree with the majority that "*Prentzas* or *Lassiter* [do not support] the proposition that the applicable statute of limitations is suspended by the death of the decedent *indefinitely* until an administrator is appointed." The statute of limitations is not suspended indefinitely because it cannot extend beyond three years after the death of the decedent, N.C.G.S. § 28A-19-3(f) (2001), unless the claim falls within the scope of section 28A-19-3(i), in which event there is no limit on the length of the suspension, N.C.G.S. § 28A-19-3(i) (2001). If a personal representative or collector has not been appointed prior to the time bar in section 28A-19-3(f), a plaintiff can "apply to have entitled persons adjudged to have renounced [their right to administer the estate] and to then have letters of administration issued to some other person" under section 28A-4-1(b)(4) or section 28A-12-4. *Ragan*, 337 N.C. at 673, 447 S.E.2d at 375; N.C.G.S. § 28A-5-2(b)(1) (2001).

3. Furthermore, the fact that Allstate has chosen to intervene in this case suggests that plaintiff's claim may fall within the scope of section 28A-19-3(i), which provides that a plaintiff's claim against a decedent's estate is not barred "to the extent that the decedent . . . is protected by insurance coverage with respect to such claim." N.C.G.S. § 28A-19-3(i).

4. I am aware that once a defendant pleads the statute of limitations, the burden is on the plaintiff to show her action was instituted within the prescribed period. *Little v. Rose*, 285 N.C. 724, 727, 208 S.E.2d 666, 668 (1974). In this case, however, the statute of limitations was pled by Allstate only in response to plaintiff's complaint against defendant, and plaintiff does not contest the dismissal of that complaint. The statute of limitations as a basis for dismissing a future claim against the Estate by plaintiff was not pled by Allstate and indeed would have been premature. The trial court, nonetheless, addressed the issue and under these circumstances, I do not believe the burden was on plaintiff to show the statute of limitations had not expired.