In summary, for the reasons stated herein, defendant's conviction for felonious possession of drug paraphernalia and the Court of Appeals' decision as to that conviction are vacated. As to the judgment for attempted possession of cocaine, the decision of the Court of Appeals is reversed and remanded to that court for further remand to the trial court for resentencing in a manner not inconsistent with this opinion.

VACATED IN PART AND REVERSED AND REMANDED IN PART.

---

ANGELA SHAW v. WILLIAM J. MINTZ

No. 339A02

(Filed 20 December 2002)

**Estates— negligence claim—personal representative not appointed—statute of limitations**

The decision of the Court of Appeals in this case that a negligence claim against decedent's estate arising from an automobile accident would be barred by the statute of limitations is reversed for the reasons stated in the dissenting opinion in the Court of Appeals that N.C.G.S. §§ 1-22 and 28A-19-3 do not require a personal representative to be appointed before the plaintiff is entitled to a section 1-22 suspension of the statute of limitations.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 151 N.C. App. 82, 564 S.E.2d 593 (2002), affirming an order entered 13 February 2001 by Weeks, J., in Superior Court, Cumberland County. This case was determined on the briefs without oral argument pursuant to N.C. R. App. P. 30(f)(1).

*Washington & Pitts, P.L.L.C., by Marshall B. Pitts, Jr., for plaintiff-appellant.*

*Walker, Clark, Allen, Grice & Ammons, L.L.P., by Scott T. Stroud, for defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.