SIMPSON v. McCONNELL

[156 N.C. App. 424 (2003)]

_____

REGINALD SIMPSON, PLAINTIFF v. KEVIN McCONNELL, IN HIS CAPACITY AS ADMINISTRATOR FOR THE ESTATE OF JEREMY NASON AND NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANTS

No. COA01-115-2

(Filed 4 March 2003)

**Statutes of Limitation and Repose— appointment of administrator delayed—statute suspended**

An order dismissing plaintiff's complaint for violation of the statute of limitations was reversed where the claim was made about four years after the accident that gave rise to the claim and the alleged tortfeasor's death, but less than a month after the appointment of the administrator of the estate. The statute of limitations is extended indefinitely if no administrator of the estate has been appointed within the time frame of the statute of limitations and there exists insurance coverage that would extend to the plaintiff's claim.

On remand on order of Supreme Court in *Simpson v. McConnell*, 356 N.C. 615, —— S.E.2d —— (2002) vacating and remanding the unanimous decision of the Court of Appeals in *Simpson v. McConnell*, 150 N.C. App. 713, 564 S.E.2d 320 (2002) for reconsideration in light of the Supreme Court's opinion in *Shaw v. Mintz*, 356 N.C. 603, 572 S.E.2d 782 (2002). Originally appealed by plaintiff from orders filed 22

November 2000 and 11 December 2000 by Judge Benjamin G. Alford in Onslow County Superior Court, and heard in the Court of Appeals 29 November 2001.

> *Vaiden P. Kendrick, Tracie H. Brisson, and Erma Johnson for plaintiff appellant.*

> *Hedrick, Blackwell & Criner, L.L.P., by Jeffrey H. Blackwell, for defendant-appellee Kevin McConnell in his capacity as administrator for the estate of Jeremy Nason.*

> *Marshall, Williams & Gorham, L.L.P., by William Robert Cherry, Jr., for defendant-appellee Nationwide Mutual Insurance Company.*

BRYANT, Judge.

This case comes before us on remand from the North Carolina Supreme Court for reconsideration of our decision in light of the Supreme Court's holding in *Shaw v. Mintz*, 356 N.C. 603, 572 S.E.2d 782 (2002) (per curiam). The factual and statutory background for purposes of this review remains the same as in *Simpson v. McConnell*, 150 N.C. App. 713, 564 S.E.2d 320 (2002) (unpublished) (*Simpson I*).

In *Simpson I*, we held plaintiff's claim was barred because N.C. Gen. Stat. § 1-22 did not operate to suspend the three-year statute of limitations where no administrator of the estate had been appointed following the death of the alleged tortfeasor. *Id.* The Supreme Court has since adopted the dissent in *Shaw v. Mintz*, 151 N.C. App. 82, 564 S.E.2d 593 (2002) (*Shaw I*), in which Judge Greene wrote: "If no representative or collector is appointed and thus no notice given for the presentation of claims against the estate, the time for the filing of the claim against the estate of the negligent decedent remains suspended." *Id.* at 86, 564 S.E.2d at 596 (Greene, J., dissenting). The dissent further explained: "The statute of limitations is not suspended indefinitely because it cannot extend beyond three years after the death of the decedent, N.C.G.S. § 28A-19-3(f) (2001), unless the claim falls within the scope of section 28A-19-3(i), in which event there is no limit on the length of the suspension." *Id.* at 87 n.2, 564 S.E.2d at 596 n.2.

Section 28A-19-3(i) provides:

Nothing in this section shall bar:

(1) Any claim alleging the liability of the decedent . . . .

. . . .

to the extent that the decedent . . . is protected by insurance coverage with respect to such claim . . . or where there is underinsured or uninsured motorist coverage that might extend to such claim . . . .

N.C.G.S. § 28A-19-3(i) (2001). Thus, according to the dissent in *Shaw I* adopted by our Supreme Court if no administrator of the estate has been appointed within the time frame of the statute of limitations and there exists insurance coverage that would extend to the plaintiff's claim, the statute of limitations remains suspended indefinitely. As underinsured motorist coverage existed in *Simpson I*, we must therefore reverse our earlier decision and hold that plaintiff's claim, made approximately four years after the alleged tortfeasor's death, and the accident that gave rise to the claim, but less than a month after the appointment of the administrator of the estate, is not barred by the statute of limitations. Accordingly, the trial court's order dismissing plaintiff's complaint is reversed. At trial, plaintiff's recovery will, however, be limited "to the amount of insurance coverage available for [the] deceased defendant's alleged negligence." *Pierce v. Johnson*, 154 N.C. App. 34, 43, 571 S.E.2d 661, 667 (2002) (interpreting section 28A-19-3(i)).

Reversed and remanded.

Judges McGEE and HUNTER concur.